## RECTOR v. SMITH.

1. GRAND JURY: PRIVILEGED COMMUNICATIONS. A grand jury has no power to present to the court otherwise than by indictment the misconduct of an officer; and a report to the District Court charging an officer with malfeasance is not a privileged communication.
2. SAME: WHEN MADE WITHOUT MALICE. A report made by grand jurors to the District Court imputing to an officer misconduct in office, when made in good faith and in the belief that it came within the discharge of their duty, is not actionable.

*Appeal from Fremont District Court.*

SATURDAY, DECEMBER 15.

ACTION for libel. The petition alleged: "That on or about the 19th day of March, 1859, at the Town of Sidney, in Fremont County, Iowa, the defendant falsely, wickedly, &c., did compose and publish and caused to be composed and

published of and concerning the plaintiff, and of and concerning his official conduct when he was county judge of said county, a certain false, malicious, scandalous and defamatory libel, containing among other things, the following words:

"We feel it our duty also to call attention to a few particulars of accounts under the management of Frederick Rector, which appears to be to indicate extravagance, and in some instances something worse than extravagance in the appropriation of the funds of the county. * * * * * * First, of extravagance, we find among other minutes the following expenses at the land trial at Council Bluffs, $2,712,85, together with five hundred dollars, for which no account is given on the minute book, but said to have been expended for the same object; making in all $3,212,85, as expenses of said land trials at Council Bluffs, in 1857. * * .* * * * We find warrants for money cancelled and evidences of money paid to him, for which no acknowledgment can be found. * * * * * * These we give as instances; other items of like nature might be mentioned but we forbear."

The defendant's answer contains two counts. The first admits that plaintiff was county judge, but denies malice and the inuendoes set out in the petition. The second count sets up as a defense the following allegations: "That at the March Term of the District Court of Frémont County, to-wit, on or about the 19th day of March, 1859, he, this defendant, was one of the grand jurors empannelled and sworn and charged, at said term of said court, and whose duty it was by law specially made to enquire into all wilful and corrupt misconduct of all county officers and the management of the affairs of said county, and to perform all and singular, the duties of grand jurors according to the statute in such cases made and provided. And he says that he, in connection with his fellows, acted in the capacity of grand jurors, and as such grand jury, in the course of their legal investigations, and in the discharge of their duty, with-

out hatred, malice or ill will, and in good faith, did, during the said term of said court, find from the records of said county and other evidence legally produced before them, the facts stated in a certain report of a grand jury at said term, in which report is the pretended libel given in plaintiff's petition, and that on or about the 19th day of March, 1859, this defendant being then and there the clerk of said grand jury, appeared in open court with his fellows with their presentments and indictments, among which was the aforesaid report, which is the identical publication referred to in plaintiff's petition as a libel, which report was then and there read by this defendant, as such clerk, by the direction of said grand jury; and he says the said report and the said reading are the pretended libel and publication thereof referred to by plaintiff in his petition. That said grand jury found the facts therein stated in the course of their investigations as they were legally bound to do, and that said grand jury ordered him as their clerk to write the same, and that after it was written it received the sanction of and was adopted by said grand jury unanimously; and that they directed him as their clerk to read said report in said court, which he did, as he had a perfect right to do, and as was his duty as a member and the clerk of said grand jury. And the defendant further says that neither he nor his fellows, as such grand jury, were actuated by malice or ill will, nor by any improper motive nor desire to injure the plaintiff; but that they found said facts and prepared and read said report in good faith and for the public good, in the discharge of their duty.

To this count the plaintiff demurred upon the following grounds:

1. That the matters set forth are not in law privileged communications.

2. That the said grand jury had no right, in law, to report upon said matter in the manner set forth in the answer.

3. The answer does not allege that the matters reported by said defendant, as clerk of the grand jury, are true.

This demurrer was overruled and plaintiff appeals.

*Lingenfelter* and *Cole* for the appellants.

The main question in this case is this: Is a written report as to the conduct of an ex-officer, by a grand jury to a court, which contains libellous matter, a privileged communication?

1. The sole duty of a jury is to inquire into all indictable offenses and present them to the court by *indictment*. Code, 2897 to 2909; 1 Bouv. Law Dict., Grand Juries; Wheat. Am. Cr. L. (3 ed. 214,) 224, and notes.

2. The court provides for reports as to the condition of prisons, &c.; but the power to report is not in the grand jury. It is in the county judge and prosecuting attorney. Code, sections 3110, 3112.

3. If the plaintiff was guilty of the acts charged in the report of the grand jury, he could have been indicted under the Code, and there would have been an opportunity to manifest his innocence. Code, sections 2674, 2675.

*Rector & Harvey* and *Kasson* for the appellee.

I. The defence demurred to is, that the libel complained of is a proceeding by the clerk, being one of the grand jury, in the ordinary course of judicial business, *bona fide*, and without malice, and under their order. That this defense is good we cite: *First*. The uniform practice in this State, as a part of its judicial history, and within the judicial knowledge of this court; *Second*. "Such is the case where the alleged libel or slander consisted in communications made to the appointing power (the District Court, or the clerk, or the people appoint the grand jury,) in relation to the conduct of the plaintiff as a *public officer.*" "Words spoken by

defendant in his office of juror," etc., etc.  2 Greenl. Ev. section 421; *O'Donughue* v. *McGovern*, 23 Wend. 28; 1 Stark. on Sl. page 245, 247, 250, (Wend. ed.;) *Bradley* v. *Heath*, 12 Pick. 163; *Hoar* v. *Wood*, 3 Metc. 193.

II. We make the further point, that this submission of the report to the District Court, having the power to instruct the grand jury on questions of law and of their duties, and even to instruct them on the matter reported, whether they on the facts reported had legal grounds for indictment, is not a publication within the meaning of the law.  *Rex* v. *Baillie*, 2 Esp. N. P. 91; (Gould's Ed. of 1811;) in which Lord *Mansfield* stopped the prosecution on the showing that the only publication was giving copies to the governor's of hospital, which *was not even a publication*.  Also *Fairman* v. *Ives*, 5 Barr & Ald. 662; see also Holt on Libels, (N. Y. ed. 1818) 290.

*Mr. Cole*, in reply to the second point suggested by appellee's counsel, cited the following authorities:   *Gilman* v. *Eubank*, 13 Ill. 276; *Haight* v. *Wilson*, 9 B. & C. 643; *Bodwill* v. *Osgood*, 3 Pick. 380; *Hunt* v. *Bennett*, 19 N. Y. R. 175; *Robbins* v. *Treadway*, 2 J. J. Marsh. 540.

BALDWIN, J.—There is but one question presented for our determination in this case, and that is, whether the defendant can plead in justification of the publication of libellous matter concerning the plaintiff as county judge, that when such libel was published the defendant was acting as a grand juror; that the matter charged as libellous was a privileged communication made by him as a juror to the court. The communication thus claimed by defendant as privileged, charges the plaintiff with willful and corrupt misconduct as a county officer, which is an indictable offense.

It is made the duty of the grand jury when they find that an indictable offense has been committed within their county, to present the same by indictment.  See Code, section 2897.  By section 2992 it is made the special duty of the

grand jury to inquire into the matters specified in the four subdivisions of this section. It is under the provisions of this section that the defendant claims that the law authorized and justified him in presenting to the court, as a grand juror, the report in regard to the actions of plaintiff as county judge. The grand jury have no power, nor is it their privilege or duty to present any person for a criminal offense except by indictment. If the misconduct of an officer does not amount to a crime, and is not of such magnitude as will justify the jury in finding an indictment, their powers over the offense complained of, are at an end. It is claimed that by section 2992 of the Code, the grand jury have the power to report otherwise than by indictment upon the subjects named in the subdivisions of this section. And this construction is claimed upon the ground that the second subdivision particularly contemplates a report by the grand jury, and that if a report can be made upon one of the subjects, the consideration of which is thus specially enjoined upon the jury, that a report may be made upon each of the subjects named in this section, or at least they can report upon the condition of the prison and upon the conduct of county officers.

An indictment may be presented under each of those subdivisions. Should there be a person imprisoned in the county, it is made the special duty of the jury to inquire into the offense charged, so that the criminal may be brought to speedy trial. Should there have been a wilful neglect of duty by the keepers of the prison, they are liable to be indicted for such willful neglect. There can be no question as to the power of the grand jury to indict under the other two subdivisions. A report by a grand jury, presents nothing upon which the court can act, unless it is in reference to the condition of the prison. The court can take no jurisdiction over the complaint charged by such report. Nor can a person thus presented have an opportunity to show himself innocent of the matters complained of. With this view

of the question we conclude that the report presented by defendant as a juror, was not a privileged communication, and that he can not plead this in bar of plaintiff's right to recover.

The defendant, however, in his answer denies all malice in this publication, and avers that it was made in the discharge of a public duty, and in good faith. If the publication was made without malice, and as the defendant supposed in the discharge of a public duty, and without any ill will or hatred toward the plaintiff, we are of the opinion that plaintiff ought not to maintain his action. Chief Justice SHAW, in the case of *Bradley* v. *Heath*, says: "Where words imputing misconduct to another, are spoken by one having a duty to perform, and the words are spoken in good faith, and in the belief that it comes within the discharge of that duty, * * * no presumption of malice arises from the speaking of the words, and therefore no action can be maintained in such cases without proof of express malice. If the occasion is used merely as a means of enabling the party to utter the slander, to indulge his malice, and not in good faith to perform a duty, * * the occasion will furnish no excuse." 12 Pick. 162.

With this view of the case we think the court did not err in overruling the demurrer.

Judgment affirmed.