STATE EX REL. FRED H. STRONG v. DISTRICT COURT OF
RAMSEY COUNTY.[1]

January 21, 1944.

No. 33,592.

*William H. Gurnee,* for relator.
*James F. Lynch,* County Attorney, for respondent.

HOLT, COMMISSIONER.

*Certiorari* to review an order denying petitioner's motion to suppress and expunge a written report of the grand jury of Ramsey county filed February 25, 1943.

The motion was to suppress and expunge the entire report or, if that relief be not granted, to suppress and expunge the parts thereof set out in italics in this opinion. The report so italicized reads:

"REPORT OF GRAND JURY.

"February 25, 1943.
"To the Judges of the District Court of Ramsey County:

"We, the Grand Jury, have had under consideration for the past three weeks the receipt by various individuals in the City of St. Paul of anonymous letters, all apparently written on the same type-

[1]Reported in 12 N. W. (2d) 776.

writer signed 'The Citizens' League,' so far as we are able to determine, a non-existent entity.

"These letters apparently had as their purpose two things; One, to libel Paul S. Amidon, superintendent of schools of the City of St. Paul, and the other to complain of police interfering with an investigation into the private life of Paul S. Amidon.

"The typewriter upon which these letters were written was never located in spite of a diligent search made by the police department and the county attorney's office. *Mr. Fred Strong, who is alleged to be a public relations counsel for the Teachers' Federations, volunteered to the police and to the county attorney's office certain information relative to a typewriter upon which the letters were alleged or presumed to have been written. The information given by Mr. Strong was run down and found to be incorrect and without foundation and it was impossible to pursue the subject because he, Strong, refused to give to the police department, or other authorities, or this Grand Jury information as to the background of his claim.*

"The letters all tended to further the claims and objections made by a group of teachers at the police station on the night of January 23rd, when they opposed police allegedly interfering in what they stated was their investigation of the private life of Paul S. Amidon, Superintendent of schools.

*"The anonymous letters contained information which was in the possession only of the group of teachers who visited the police station on the night of January 23rd, Fred Strong, the alleged public relations counsel for the Teachers' Federation, and a few additional teachers to whom the reports of the detective agency had been shown.*

*"These letters, by reason of their contents, were furthering the attitude or position taken by this group of teachers at the police station on the night of January 23rd. It is apparent to the Jury that some of this group or its alleged public relations counsel, have some knowledge as to the author of these letters, yet they refused*

*when called before the Grand Jury to waive immunity, and give
this Jury the benefit of their information.*

"This group of teachers, who by reason of the wording and contents of the letters, it would seem to this Grand Jury, had knowledge which would aid the authorities and this Grand Jury, have failed to date to co-operate in any way with the said authorities or with this Grand Jury.

"It is the opinion of this Jury, based on the evidence before it, that groundless and unfounded charges have been made against Paul S. Amidon and a vicious and unwarranted attack has been made upon his character. It is apparent to this Grand Jury from an examination of the evidence that reports made by the detective agency are not a true statement of facts.

"It is the opinion of this Jury that school teachers should teach Americanism, character, frankness, truth and respect for the constituted authorities and for the laws as they appear on the statute books of this state. They should be the first ones to come forward, and by their actions set a good example for the pupils in their charge, rather than withhold information which might aid the authorities in solving this, one of the lowest of all crimes.

*"It is the request of this Grand Jury that the following named
teachers: Willis E. Burwell, Court Sanders, Lyle Koch, Paul
Meier, John Lachner, Frank Bergup, Jerome Aga, Albert R. Rother,
H. E. Sitser and W. W. Pennell, and Fred Strong, who is alleged
to be public relations counsel for the Teachers' Federation who
refused to waive immunity and testify, reconsider their past re-
fusal, and appear before this Jury and voluntarily waive immunity
and tell us all the facts which they possess in connection with this
investigation.*

"It is further the opinion of this Grand Jury that the detective agency either knew or should have known the purpose for which this investigation was made and should never have undertaken the assignment. It is apparent that it was an investigation undertaken by a small group of disgruntled teachers, supposedly in the name

of the entire Teachers' Federations, for the purpose of checking on the private life and activities of their superior officer.

"The Grand Jury believes that because of the wide publicity given the matter, by the mailing of letters to a large number of representative citizens, including members of the Parent-Teachers' Association, and later through the newspapers, it is a matter of great public interest, and one of which the public should be informed of the evidence submitted to this Grand Jury.

"It is the conviction of the Grand Jury that the investigation should be continued, both by local and federal authorities, seeking to ascertain the identity of the writer or writers and others responsible with a view to prosecution and punishment for the same.

"(Signed) JAMES T. MAHER,

"Foreman."

Our statute, Minn. St. 1941, § 628.01 (Mason St. 1927, § 10620), defines indictment and presentment, stating that the latter "is an informal statement, in writing, by a grand jury, representing to the court that a public offense has been committed, and that there is reasonable ground for believing that a particular individual, named or described, has committed it." Minn. St. 1941, § 628.02 (§ 10621), charges the grand jury with the duty of inquiry into all public offenses triable in the county and of reporting to the court by indictment if the jury believe the individual named guilty; "but, if it only believes that he is probably guilty, it shall proceed by presentment." Section 626.25 (§ 10625) provides that the grand jury shall inquire:

"(1) Into the condition of every person imprisoned on a criminal charge triable in the county, and not indicted;

"(2) Into the condition and management of the public prisons in the county; and

"(3) Into the wilful and corrupt misconduct in office of all public officers in the county."

The members of the grand jury are required to preserve secrecy in respect to proceedings before it. Section 626.28 (§ 10628).

There is no doubt that grand jurors are privileged as to indictments returned, unless the same were not returned in good faith, but maliciously. The learned trial court in the memorandum attached to the order stated:

"* * * It [the report] contains no scandalous or libelous matter. It does not impute a crime or even a wrong-doing of less degree than a crime to any person named in the report. The temperate language of the report makes it apparent that the Grand Jury studiously sought to avoid an injustice to any of the persons named, for otherwise the Jury's very commendable appeal for voluntary coöperation would be likely to meet with no response. I do not think the Grand Jury in this report of progress to the Court has exceeded its inherent powers. Neither do I think that a dispassionate consideration of the report will discover any legitimate ground of complaint on the part of any person named in the report."

It must be admitted that this is a forceful argument in favor of the order; but we are of opinion that relator was entitled to have the parts of the report above italicized suppressed and expunged as he requested. It is plain that those parts exposed him to odium and a charge of wrongdoing, even if not charging any violation of law. It does not conform to the statutory definition of "presentment," in that the persons named are not stated to be probably guilty of an offense. No indictment being returned, there was no way open to relator to disprove or meet the statement. It is not necessary to go into the history of the grand jury or its authority or legal duties. We intend only to cite some of the late leading cases to the effect that where a "presentment" accuses an individual of improper conduct he has a right to apply to the court to have the obnoxious parts suppressed and expunged from the files of the court. Such a report is not privileged like an indictment. Rector v. Smith, 11 Iowa 302. It is true that nearly all the decisions cited concern officials whose conduct of their office has been criticized or condemned. But we think the private citizen is entitled to the same protection under the law as the one holding an office. The

consensus of judicial opinion seems to be that reports of grand juries, though in the form of a "presentment," are not privileged and, if reflecting on official or private conduct of individuals, should be suppressed or expunged from the records of the court. To that effect we cite Ex parte Robinson, 231 Ala. 503, 165 So. 582; In re Report of Grand Jury, 152 Md. 616, 137 A. 370; Bennett v. Kalamazoo Circuit Judge, 183 Mich. 200, 150 N. W. 141, Ann. Cas. 1916E, 223; In re Wilcox, 153 Misc. 761, 276 N. Y. S. 117 (where prior cases in that court are reviewed); McNair's Petition, 324 Pa. 48, 187 A. 498, 106 A. L. R. 1373; Report of Grand Jury, 204 Wis. 409, 235 N. W. 789. The only cases to which our attention has been called wherein the court refused to suppress or expunge statements of similar import to those italicized in the report at bar are Irwin v. Murphy, 129 Cal. App. 713, 19 P. (2d) 292; In re Report of Grand Jury, 152 Fla. 154, 11 So. (2d) 316. An interesting case is State ex rel. De Armas v. Platt, 193 La. 928, 192 So. 659.

Our conclusion is that the parts of the report above italicized should be suppressed and expunged as prayed by relator.

The order is reversed and the matter remanded to the court below to enter an order in conformity with this opinion.

Mr. Justice Peterson took no part in the consideration or decision of this case.