**HAMMOND et al., Plaintiffs-Appellants,**

v.

**BROWN et al., Defendants-Appellees.**

**No. 71-1278.**

United States Court of Appeals, Sixth Circuit.

Oct. 22, 1971.

David Scribner, New York City, for plaintiffs-appellants; Benjamin B. Sheerer, Cleveland, Ohio, on brief.

Thomas V. Martin, Asst. Atty. Gen., Columbus, Ohio, and Seabury H. Ford, Ravenna, Ohio, for defendants-appellees; William J. Brown, Atty. Gen. of Ohio, Frank Josselson, Asst. Atty. Gen., Columbus, Ohio, on brief for William J. Brown.

Before PHILLIPS, Chief Judge, and McCREE and BROOKS, Circuit Judges.

PER CURIAM.

This is an appeal and cross-appeal from the decision of District Judge William K. Thomas reported at 323 F.Supp. 326. The case involves some 30 indict-

ments against 25 persons returned by the special grand jury which was convened to investigate the tragedy that occurred at Kent State University, Kent, Ohio, on the weekend of May 1–4, 1970.[1] The indictments involve 43 charged offenses, all arising out of incidents at the university. The charged offenses are summarized at 323 F.Supp. 331.

The special grand jury also filed a special report.

The District Court ordered that all copies of the special report of the grand jury, with the exception of a few designated pages, be physically expunged and destroyed by the clerk of the courts of Portage County, Ohio.

The District Court refused to grant an injunction against the prosecution of the 30 indictments or to request the convening of a three-judge court to determine the constitutionality of the sections of the Ohio Riot Act under which some of the plaintiffs have been indicted. Ohio Rev.Code §§ 2923.52–2923.54. Central to this case are the District Court's conclusions

"  *   *   *   that Attorney General Brown and his Special Counsel were mistaken in relying on this broad custom [of issuing grand jury reports] when the Special Grand Jury Report violates specific law in and out of Ohio. Nevertheless, this court has weighed the sincerity and candor of Attorney General Brown's testimony, the forthright statements of Special Counsel Balyeat, and the frank concessions of Special Counsel Ford. *   *   *   [T]heir collective error of law was committed in a good-faith misconception of the controlling law applicable to a grand jury report of the type and content of the Special Grand Jury Report. Bad faith in the sense of deliberate willful perversion of the law to gain an improper purpose is not directly shown and it will not be inferred.

*   *   *   *   *   *

"After considering all aspects of the claim of bad faith prosecution of the indictments amounting to a deprivation of the right to fair trial, it is determined and declared, on this record and at this pretrial stage of the State prosecutions, that a deprivation of the right to a fair trial has not been shown. Moreover *   *   *   there is no showing of facts that clearly prove an irreparable and immediate injury to the right to a fair trial." Hammond v. Brown, 323 F.Supp. 326, 356 (N.D.Ohio 1971).

After a review of the record and consideration of the briefs and oral arguments of the parties, we have concluded that the court's findings of fact are not clearly erroneous. Fed.R.Civ.P. 52(a).

Since appellants have failed to establish that the indictments were issued in bad faith with the purpose and effect of chilling protected expression, or that they will suffer great and immediate irreparable harm from the prosecution of the indictment, the injury that appellants face "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith,' *   *   * and therefore *   *   *   [they are] not entitled to equitable relief 'even if such statutes be unconstitutional.'" Younger v. Harris, 401 U.S. 37, 49, 91 S.Ct. 746, 753, 27 L.Ed.2d 669 (1971); cf. Honey v. Goodman, 432 F.2d 333 (6th Cir. 1970). This is true even if the statutes should be determined to be unconstitutionally vague or overbroad as alleged in the complaint. "[T]he mere possibility of erroneous initial application of constitutional standards" does not in this case, "amount to the irreparable injury necessary to justify a disruption of orderly state proceedings." Dombrowski v. Pfister, 380 U.S. 479, 484–485, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22. Accordingly, since no injunction could issue in this case, no three-judge court need be convened and we need not

1. A related case growing out of this tragedy is King v. Jones, 450 F.2d 478 (6th Cir.), reversing 319 F.Supp. 653.

review the District Court's refusal to request its convention. Mitchell v. Donovan, 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); Perez v. Ledema, 401 U.S. 82, 89, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (Stewart, J., with whom Mr. Justice Blackmun joined, concurring); Gunn v. University Committee to End the War in Viet Nam, 399 U.S. 383, 90 S.Ct. 2013, 26 L.Ed.2d 684 (1970); *id.,* at 391, 90 S.Ct., at 2018 (White, J., with whom Mr. Justice Brennan joined, concurring); Fremed v. Johnson, 311 F. Supp. 1116 (D.Colo.1970) (three-judge court); *see* Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). We further conclude that the pendency of good-faith State prosecution of the indictments which will provide appellants an opportunity to present their constitutional defenses to prosecution makes it inappropriate for us to exercise our jurisdiction to issue a declaratory judgment about the validity of the challenged state statutes. Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

We further hold that the District Court did not err in overruling a motion for discovery of the grand jury minutes and in declining to take evidence as to the events which constituted the basis of the indictments or as to the manner in which the grand jury was conducted. *Cf.* Pittsburgh Plate Glass v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323; Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397.

Lucy S. DeLone, Clerk of the Court of Portage County, Ohio, who is the only cross-appellant we find to have standing, contends that it was error to require the expunging and destruction of the report of the grand jury. The present Attorney General of Ohio does not join in this cross appeal. For the reasons set forth in the opinion of the District Judge we affirm his order that the special report of the grand jury be physically expunged and destroyed.

The judgment of the District Court is affirmed. The injunction pending appeal heretofore issued by this court is vacated. No costs are taxed.