**M. Dean FLANDERS et al., Plaintiffs,**

v.

**Orvin R. SCHOVILLE et al., Defendants.**

**Civ. No. 72–C–511–EC.**

United States District Court,
N. D. Iowa, E. D.

Oct. 31, 1972.

C. A. Frerichs, Frederick G. White, Waterloo, Iowa, for plaintiffs.

Michael J. Laughlin, Asst. Atty. Gen., Des Moines, Iowa, David J. Dutton, Black Hawk County Atty., James R. Martin, Asst. County Atty., Waterloo, Iowa, for defendants.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendants' amended motion to dismiss and for summary judgment filed June 6 and August 7, 1972, and plaintiffs' motion for summary judgment filed June 26, 1972.

The following facts appear from the record: Plaintiff Dean Flanders was employed by the Waterloo Community School District, Waterloo, Iowa, as the principal of Hawthorne Elementary School. Plaintiff Waterloo Education Association, a non-profit Iowa Corporation, is suing on behalf of its membership which comprises 80% of the teachers and principals employed by the Waterloo School District. Defendants are the duly chosen 1972 grand jurors for Black Hawk County, Iowa.

Sometime prior to March 3, 1972, defendants investigated various reports concerning Hawthorne school, including allegations of teacher brutality, a lack of discipline, and a non-learning environment at the school. Although the grand jury did not return an indictment against anyone arising out of these matters, it proceeded to investigate Flanders' competence and ability as principal of Hawthorne school, as well as the measures needed to be taken to rectify the problems existing at the school. The jury submitted a written report of its findings, including recommendations and requirements, to the Board of Directors and Superintendent of the School District, Flanders' employer. The report called for Flanders' removal as principal and threatened both future investigations if necessary and the investigation of anyone resisting Flanders' removal. Subsequently, parts of the report were published in a local newspaper, and, on March 29, 1972, the report was filed with the Clerk of the Black Hawk County District Court. Defendants later publicly stated that they endorsed the Board's and Superintendent's request for Flanders' resignation.

On the basis of the above stated facts, plaintiffs have sought redress for alleged unlawful actions by the grand jury, in both this court and in the Black Hawk County District Court. On May 8, 1972, this court denied plaintiffs' request for a temporary injunction pending the outcome of their civil rights action in this court, on the grounds that there was no showing of impending irreparable harm or of harm for which money damages would be inadequate. On July 18, 1972, the Black Hawk County District Court denied plaintiff Flanders' claim that the School District had not complied with both Iowa's Open Meetings laws and the Iowa Code provisions relating to the manner in which teachers' contracts must be terminated. The District Court also stated that the School Board had asked for Flanders' resignation on the basis of an investigation and report by an administrative team appointed to study the problems at Hawthorne school, and not as a result of the grand jury's investigation and report.

In the matter presently before this court, plaintiffs seek essentially two forms of relief. Initially, they seek a declaratory judgment, pursuant to 28 U.S.C. § 2201, invalidating the defendants' investigation and report concerning the professional qualifications and competency of plaintiff Flanders as well as any future investigations and reports by defendants relating to the professional qualifications of any other teacher or principal in the Waterloo Community School District. Plaintiffs also seek a permanent injunction barring defendants as grand jurors from unreasonably and illegally interfering with plaintiffs' rights to hold specific employment and to follow a chosen profession.

Defendants seek dismissal for failure to state a claim, and, in the alternative, summary judgment on the grounds that the alleged injury has been completed and that plaintiffs have an adequate remedy at law.

Jurisdiction of this court is based on 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

## DECLARATORY JUDGMENT

█ Declaratory judgment, pursuant to 28 U.S.C. § 2201, is appropriate in this situation since there appears to be "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L.Ed. 826 (1941). Plaintiffs' request for declaratory judgments as to the legality of past and future investigations and reports by the grand jury concerning the professional competency of teachers and principals will be considered jointly since they involve the same basic issue: Do §§ 771.1 and 771.2 of the Iowa Code authorize grand juries to investigate the professional competen-

cy of teachers and principals and file reports concerning such matters?

§§ 771.1 and 771.2 of the Iowa Code provide generally for the powers and duties of grand juries.[1] More than a century ago the Iowa Supreme Court articulately construed these sections in Rector v. Smith, 11 Iowa 302, 306–308 (1860). In *Rector*, the court held that a grand jury has no power to present any person except by indictment. The argument that a grand jury has the power to report other than by an indictment upon the subjects named in the subdivisions of § 771.2 was clearly rejected. Holding that reports other than indictments are not privileged communications, the court indicated that such reports are not within the powers of the grand jury. Although there is some disagreement among the states as to the power of grand juries to make such reports, the Iowa view in *Rector* is in accord with the prevailing majority view. *See e. g.*, Hammond v. Brown, 323 F.Supp. 326, 345–346 (N.D.Ohio 1971); Application of United Electrical, Radio & Machine Workers, 111 F.Supp. 858, 866–867 (S. D.N.Y.1953); State ex rel. Strong v. District Court of Ramsey County, 216 Minn. 345, 12 N.W.2d 776, 778 (1944); In re Grand Jury Report, 204 Wis. 409, 235 N.W. 789, 791 (1931); Bennett v. Stockwell, 197 Mich. 50, 163 N.W. 482 (1971). *See also* 120 A.L.R. 440; 106 A.L.R. 1388–1391.

■ Applying the principles enunciated in *Rector* to the present case, it clearly appears that grand juries in Iowa do not have the power exercised by defendants to conduct investigations and file reports concerning the professional competency of teachers and principals. Admittedly, the defendants were authorized by § 771.1 to investigate the allegations of teacher brutality at Hawthorne school. However, once the investigation was completed and they had not found "any evidence of brutality of sufficient magnitude to require criminal action," their duties with regard to this particular matter ended. The investigation into the professional competency of plaintiffs was beyond anything authorized by §§ 771.1 and 771.2.[2]

■■ Similarly, Chapter 771 of the Iowa Code does not authorize a grand jury to file anything with any entity or agency other than the court under whose jurisdiction the jury functions. The filing of the report concerning plaintiff Flanders with the Board of Directors and Superintendent thus exceeded the power of the grand jury. In addition, such disclosure violated the statutory mandate of secrecy of grand jury proceedings proscribed by § 771.23, as did the public endorsement of the Board's request for Flanders' resignation. *See* Hammond v. Brown, *supra* 323 F.Supp. 326, at 345.

In conclusion, it is necessary to comment briefly on the failure of the defendants to adhere to the statutory procedures of Chapter 771 of the Iowa Code. Being a statutorily created body, the grand jury's powers and duties are circumscribed by the statute empowering it. Important policy reasons based on the nature of the grand jury's func-

1. § 771.1: "The grand jury shall inquire into all indictable offenses which may be tried within the county, and present them to the court by indictment."

§ 771.2: "It is made the special duty of the grand jury to inquire into:

1. The case of every person imprisoned in the jail of the county on a criminal charge and not indicted.

2. The condition and management of the public prisons within the county.

3. The willful and corrupt misconduct in office of all county officers.

4. The obstruction of highways."

2. The only arguable statutory authority for such an investigation and report is in § 771.2(3) which makes it the special duty of the grand jury to inquire into the "willful and corrupt misconduct in office of all county officers." It is doubtful that teachers and principals are "county officers" or even county employees, since they are employed by the school district which is a separate entity from the county. In any event, the court in *Rector* indicated that grand juries have the power to file only indictments and not reports concerning such matters.

tions and the consequences of its actions support such limitations. The primary justification is the desire to protect the rights and reputations of persons being investigated from unfair injury and prejudice. As stated in Application of United Electrical, Radio & Machine Workers, *supra* 111 F.Supp. 858, at 867,

> "a man should not be subject to a quasi-official accusation of misconduct which he cannot answer in an authoritative forum. The Grand Jury, it is thought, when it issues such reports, is imposing the punishment of public reprimand—a punishment based on ex parte proceedings which have not yielded enough evidence to warrant indictment. When it does this it defeats the very purpose of its existence."

Similarly, in People v. McCabe, 148 Misc. 330, 266 N.Y.S. 363 (1933), the court rationalized that, like the report in the present case;

> "A presentment is a foul blow. It wins the importance of a judicial document; yet it lacks its principal attributes—the right to answer and to appeal. It accuses, but furnishes no forum for a denial. No one knows upon what evidence the findings are based. An indictment may be challenged— even defeated. The presentment is immune. It is like the 'hit and run' motorist. Before application can be made to suppress it, it is the subject of public gossip. The damage is done. The injury it may unjustly inflict may never be healed."

In the present case the grand jury's disclosure of its investigation to unauthorized parties in violation of the secrecy requirement of § 771.23 adversely reflected on Flanders' professional competence and ability without providing him with a forum or opportunity for a denial since he was not indicted. *See* People v. McCabe, 148 Misc. 330, 266 N.Y.S. 363 (1933); 106 A.L.R. 1389. If Flanders had been indicted, he would have at least had a forum in which to answer and to appeal. The concepts of due process and procedural fairness embodied in the statutory limitations on the powers of grand juries, thus necessitate stricter compliance with these limitations than was accorded by defendants in order to prevent the potential damage resulting from unsubstantiated or unanswerable quasi-official accusations. *See* Hammond v. Brown, supra 323 F.Supp. 326, at 345–350.

On the basis of the above facts and analysis, plaintiffs' motion for summary judgment with regard to the validity of the above mentioned investigations and reports is granted.

## PERMANENT INJUNCTION

■ In order for plaintiffs to obtain a permanent injunction barring defendants from unlawfully interfering with plaintiffs in the pursuit of their chosen profession and specific employment, plaintiffs must show the likelihood of threatened irreparable injury and the absence of an adequate remedy at law. 42 Am.Jur.2d § 48, at 787. From the record and the hearing held concerning the request for a temporary injunction, it appears that plaintiffs have not made a sufficient showing in regard to this issue so as to generate a genuine material fact question for trial. Summary judgment for defendants, pursuant to Rule 56 F.R.Civ.P., thus appears appropriate with regard to the request for a permanent injunction.

Initially, this Court found, in its order of May 8, 1972, that the injury involved was basically complete. Despite the threats of future investigations contained in the grand jury's report to the Board of Directors and Superintendent, it appears that the investigation has been completed.

More importantly, plaintiffs have failed to make any showing or allegation that their remedy at law is inadequate. In view of the declaratory judgment of this court in the earlier part of this Order, it appears that plaintiffs clearly do have an adequate remedy at law if the

defendants continue to act outside the scope of their statutory powers.

It is therefore

Ordered, adjudged, and declared

1. That the acts of the defendant grand jurors in investigating and reporting on the professional competency of plaintiff Dean Flanders were invalid since they exceeded the defendants' statutory power under §§ 771.1 and 771.2 of the Iowa Code, and that any such future investigations and reports concerning plaintiffs are also invalid.

2. Plaintiffs' claim for a permanent injunction is dismissed.