**H. Rap BROWN, Plaintiff,**

v.

**Patrick V. MURPHY, Police Commissioner of the City of New York, et al., Defendants.**

No. 73 Civ. 30.

United States District Court,
S. D. New York.

Jan. 29, 1973.

William M. Kunstler, New York City, Howard Moore, Jr., Berkeley, Cal., for plaintiff.

Hall, McNicol, Marett & Hamilton, New York City, for defendants NYM Corp., and Clay S. Felker; E. Douglas Hamilton, New York City, of counsel.

Norman Redlich, Corp. Counsel, New York City, for defendants Patrick V. Murphy, and Ralph Mannetta; Victor P. Muskin, New York City, of counsel.

ROBERT J. WARD, District Judge.

Plaintiff, who is presently on trial in the Supreme Court of the State of New York, New York County, on a twenty-four count indictment, has moved for a preliminary injunction pursuant to Rule 65(a), Fed.R.Civ.P., directing defendants NYM Corporation, Clay S. Felker, Robert Daley and Ralph Mannetta, to publish a correction or retraction of certain allegedly erroneous material published on October 23, 1972 in *New York* magazine in an article entitled, "The Man Who Shot Rap Brown". For the reasons hereinafter stated the motion is denied.

The aforesaid article, published by defendant NYM Corporation, edited by defendant Felker, and written by defendant Daley, purports to describe the wounding and arrest of plaintiff by defendant Mannetta, a New York City policeman, on October 16, 1971.

Plaintiff's principal objection to the article is an illustration "recreat(ing) the rooftop confrontation between Patrolman Mannetta and Rap Brown." [1] The illustration makes it appear that plaintiff is firing a gun which he is holding. A caption beneath the illustration states that "gunfire is exchanged". Plaintiff also objects to the positioning of the figures in the illustration.

On November 7, 1972, plaintiff moved before Justice Carney of the state court to dismiss the indictment on the grounds of prejudicial pretrial publicity resulting from the article. The court denied the

1. *New York*, Oct. 23, 1972, at 40–41.

motion indicating that the jury selection process would insure that all parties would receive a fair trial. People v. Brown, No. 5513/71 (Sup.Ct.N.Y.Co. December 4, 1972).

■■ The relief requested by plaintiff in the present motion must be denied. There appears to be no authority empowering courts, whether federal or state, to compel a private magazine to publish a correction or retraction of a previously published article. Nor should this Court establish such a precedent. On the contrary, courts or other governmental agencies should not encroach upon freedom of the press by dictating the contents of private publications. See, Associates & Aldrich Co. v. Times Mirror Co., 440 F.2d 133 (9th Cir. 1971).

■ At the oral argument of this motion, plaintiff's counsel requested an evidentiary hearing primarily to determine whether plaintiff's gun was fired. Assuming that there were disputed facts which might be resolved by an evidentiary hearing, this Court is of the view that such a hearing would be inappropriate in the instant case. In Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court said:

> Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts. Id. at 43, 91 S.Ct. at 750.

Because of this policy the Supreme Court in Younger held that a federal court should not grant an injunction to stay state criminal proceedings begun prior to the institution of the federal suit unless one or more of the three requirements of 28 U.S.C. § 2283 is satisfied,[2] or irreparable injury "both great and immediate" is shown. Id. at

43–46, 91 S.Ct. 746, 27 L.Ed.2d 669. In construing the latter, the Court said that "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Id. at 46, 91 S.Ct. at 751. Rather, irreparable injury exists where the state prosecution is either in bad faith or is in the nature of harassment. See, Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). Thus, a federal injunction against a state criminal proceeding should not be granted in the absence of irreparable injury even if the statute upon which petitioner is being tried in the state court may be unconstitutional on its face. Younger, supra, 401 U.S. at 46, 54, 91 S.Ct. 746, 27 L.Ed.2d 669. Further, the propriety of declaratory and injunctive relief should be judged by essentially the same standards. Samuels v. Mackell, 401 U.S. 66, 73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

The above cases have been interpreted by one commentator to bar federal courts from anticipating any of the issues in a pending prosecution in the state courts if the state prosecution is brought in good faith. 1A Moore's Federal Practice, para. 0.230 at 2702 (Supp.1972). A similar view has been expressed by the Second Circuit. In Leslie v. Matzkin, 450 F.2d 310 (2d Cir. 1971), plaintiffs claimed that their constitutional rights were violated by Connecticut's refusal to provide free transcripts of their probable cause hearings [3] to assist them in their trial preparation. The Second Circuit held that the case "clearly calls for deference to the state's procedures for the vindication of constitutional claims." Id. at 312. Even though appellants had no interlocutory appeal from the refusal, "there is no impediment to their raising their constitutional claims on appeal from their convictions and by resort to

---

2. 28 U.S.C. § 2283 states:
A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where

necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

3. See, Conn.Gen.Stat.Ann. § 54–76a (Supp. 1971).

the Supreme Court of the United States on writ of certiorari." *Id.*[4]

There has been no showing by plaintiff that the state proceeding is in bad faith. Absent such a showing, this Court will defer to the state court's procedures for insuring a fair trial.

Moreover, in an affidavit submitted to this Court, Victor P. Muskin, Assistant Corporation Counsel representing defendant Mannetta, has advised the Court that the prosecutor concedes that the gun in question was not fired. Mr. Muskin also concedes that the "illustration complained of . . . appears to be erroneous insofar as it purports to depict plaintiff in the act of firing." Thus, even assuming that this Court could order an evidentiary hearing, there is no need for one here.

The motion seeking to direct certain of the defendants to publish a correction or retraction is in all respects denied.

It is so ordered.

4. *See also*, Hammond v. Brown, 450 F.2d 480 (6th Cir. 1971) where the Court said: "[T]he mere possibility of erroneous initial application of constitutional standards" does not in this case, "amount to the irreparable injury necessary to justify a disruption of orderly state proceedings". *Id.* at 481, quoting from Dombrowski v. Pfister, 380 U.S. 479, 484–485, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).