## IN RE GRAND JURY OF WABASHA COUNTY CHARGED BY THE COURT JANUARY 19, 1976.

244 N. W. 2d 253.

June 18, 1976—No. 46587.

*Dunlap, Keith, Collins, Towey & Finseth* and *Lawrence T. Collins,* for petitioner.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Richard B. Allyn,* Assistant Attorney General, *Kent G. Harbison,* Special Assistant Attorney General, and *Jerome Schreiber,* County Attorney, for respondent.

*William E. Falvey,* for Minnesota Public Defenders Association, amicus curiae, in favor of issuing writ.

*William B. Randall,* Ramsey County Attorney, amicus curiae, in favor of issuing writ.

KELLY, JUSTICE.

Petitioner, a duly elected public official in Wabasha County, seeks a writ of mandamus requiring the Wabasha County District Court to prohibit release of and to expunge from its records a written report filed by or in the name of the grand jury upon a return of no indictment. We order that the writ issue in accordance with this opinion.

On July 1, 1975, a Wabasha County grand jury was drawn for an annual term as provided in Rule 18.01, Rules of Criminal Procedure. The grand jury was convened, sworn, and charged by the court on January 19, 1976. After 4 days of hearings and deliberations, it returned on January 28, 1976, a finding of no indictment. However, it also filed with the court at that time a written report, addressed to the governor, containing certain findings and opinions concerning the subject matter of the grand jury's investigation.

Petitioner moved the district court to prohibit release of this report to the governor or the public and to expunge the material contained therein from the court records. Upon denial of these motions, the report was mailed to the governor, and petitioner sought relief in this court.

Rule 18, Rules of Criminal Procedure, deals comprehensively with the subject of grand jury proceedings. It contains specific safeguards designed to ensure the confidentiality of those proceedings and to protect citizens from disclosure of the contents of those proceedings when no indictment is returned. Rule 18.08 provides:

"Every grand juror shall keep secret whatever he or any other juror has said during its deliberations and how he or any other

juror has voted. Disclosure of matters occurring before the grand jury, other than its deliberations and the vote of any juror, may be made to the prosecuting attorney for use in the performance of his duties, and to the defendant or his attorneys pursuant to Rule 18.05 of this rule governing the record of the grand jury proceedings. *Otherwise, no juror, attorney, interpreter, stenographer, reporter, operator of a recording device, typist who transcribes recorded testimony, clerk of court, law enforcement officer, or court attache may disclose matters occurring before the grand jury except when directed by the court preliminarily to or in connection with a judicial proceeding.* Unless the court directs otherwise, no person shall disclose the finding of an indictment until the defendant is in custody or appears before the court except when necessary for the issuance and execution of a summons or warrant, provided, however, disclosure may be made by the prosecuting attorney by notice to the defendant or his attorney of the indictment and the time of defendant's appearance in the district court, if in the discretion of the prosecuting attorney such notice is sufficient to insure defendant's appearance." (Italics supplied.)

When there is no judicial proceeding pending or contemplated, Rule 18.08 prohibits disclosure of matters occurring before the grand jury. In addition, Rule 18.06, subd. 3, provides:

"The grand jury may not find or return a presentment." Minn. St. 628.01, now superseded by the Rules of Criminal Procedure, distinguished between indictments and presentments in the following manner:

"An indictment is an accusation in writing, presented by a grand jury to a competent court, charging a person with a public offense. A presentment is an informal statement, in writing, by a grand jury, representing to the court that a public offense has been committed, and that there is reasonable ground for believing that a particular individual, named or described, has committed it."

Minn. St. 628.02 and 628.04, also superseded, specified procedures whereby a presentment might be returned. In abolishing presentments, the aim was to avoid informal and haphazard charges and findings by grand juries and to focus the jury's attention on whether an indictment should be found by applying the standard in Rule 18.06, subd. 2, which provides in part:

"The grand jury may find an indictment when upon all of the evidence there is probable cause to believe that an offense has been committed and that the defendant committed it."

If an indictment is not found, the grand jury reports that fact and any charges based on the matters investigated by the grand jury are dismissed:

"An indictment may be found only upon the concurrence of 12 or more jurors. When so found, it shall be signed by the foreman, whether he be one of the 12 concurring or not, and delivered to a judge in open court. *If 12 jurors shall not concur in finding an indictment, the foreman shall so report in writing to the court forthwith, and any charges filed against the defendant for the offenses considered and upon which no indictment was returned shall be dismissed.* The failure to find an indictment or the dismissal of the charge shall not prevent the case from again being submitted to a grand jury as often as the court shall direct." Rule 18.07, Rules of Criminal Procedure. (Italics supplied.)

Our analysis of Rule 18 leads us to the conclusion that the report of the grand jury in the instant case, issued without an indictment, is an unnecessary and unwarranted extension of the authority of the grand jury in contravention of that rule. To permit the release of such a report would in effect reinstate the presentment in a form likely to inflict great damage on a named individual's reputation despite the fact that insufficient evidence was available to support formal charges. As was stated in People v. McCabe, 148 Misc. 330, 333, 266 N. Y. S. 363, 367 (1933):

"A presentment is a foul blow. It wins the importance of a

judicial document, yet it lacks its principal attributes—the right to answer and to appeal. It accuses but furnishes no forum for a denial. No one knows upon what evidence the findings are based. An indictment may be challenged—even defeated. The presentment is immune. It is like the 'hit and run' motorist. Before application can be made to suppress it, it is the subject of public gossip. The damage is done. The injury it may unjustly inflict may never be healed."

See, also, Application of United Electrical, Radio & Machine Workers, 111 F. Supp. 858 (S. D. N. Y. 1953). Under the circumstances in this case, Rule 18 requirements of confidentiality in the absence of pending or possible judicial proceedings mandate that any kind of supplementary report be suppressed and expunged from court records.

In the face of the above, the state contends that Rule 18, as a rule of criminal procedure, was not intended to restrict the *civil* duty of the grand jury to inquire into the willful and corrupt misconduct of public officials. Minn. St. 628.61.[1] Therefore, the state concludes, the grand jury can report information gained and conclusions drawn in the course of these duties to the governor for his action pursuant to Minn. St. 351.03 and 351.04. Those sections give the governor authority to remove certain public officials for malfeasance or nonfeasance in the performance of official duties. In support of its contention, the state cites State ex rel. Strong v. District Court, 216 Minn. 345, 12 N. W. 2d 776 (1944), and Standke v. B. E. Darby & Sons, Inc. 291 Minn. 468, 193 N. W. 2d 139 (1971).

---

[1] Minn. St. 628.61, which was not specifically superseded by the Rules of Criminal Procedure, provides as follows: "The grand jury shall inquire:

"(1)   Into the condition of every person imprisoned on a criminal charge triable in the county, and not indicated;

"(2) Into the condition and management of the public prisons in the county; and

"(3)   *Into the wilful and corrupt misconduct in office of all public officers in the county.*" (Italics supplied.)

The cases cited by the state are either distinguishable or do not support its argument. The Strong case concerned a presentment, and, as we have previously indicated, presentments have been abolished by Rule 18.06, subd. 3. Even within that context, however, the court held that those parts of the presentment which exposed an individual's reputation to odium and allegations of wrongdoing without making a formally correct charge must be expunged from the court records. The Standke case involved a libel action brought by a group of grand jurors against a newspaper. While that case states as fact that grand jurors had previously made certain reports regarding county government, the nature, propriety, or release of any such reports was not before the court and no opinion was expressed thereon. Furthermore, Standke was likewise decided prior to the adoption of Rule 18 which governs our decision in the instant case.

We are not unmindful of the importance of the general investigative duties of the grand jury under Minn. St. 628.61.[2] At least one Federal case has suggested that a grand jury may properly return a general report on conditions coming to its attention without returning an indictment as long as that report does not

---

[2] We are likewise not unmindful of the importance of the governor's function and powers of removal under Minn. St. 351.03 and 351.04 and the importance of gathering information in aid of that function, but we think the proper function of the grand jury under Rule 18 is to serve as a part of the criminal judicial process, not as a civil investigative arm of the executive. As the court stated in Hammond v. Brown, 323 F. Supp. 326, 344 (N. D. Ohio), affirmed, 450 F. 2d 480 (6 Cir. 1971): "* * * The grand jury in its inquest of crimes and offenses is part of the judicial branch of government. Like other branches of government the judicial branch is subject to the doctrine of separation of powers. State ex rel. Finley, Judge v. Pfeiffer, Bd. of County Commissioners, 163 Ohio St. 149, 126 N. E. 2d 57 (Ohio Sup. Ct. 1955). The grand jury is part of the judicial branch of government and is separate and distinct from the legislative and executive branches of government; and the grand jury, therefore, may not 'impinge upon the authority or rights of the others,' Finley, supra, at 149, 126 N. E. 2d at 58."

single out individuals.[3] However, since the issue is not now before us, we express no opinion on the propriety of such a report under Rule 18 and our statutes.

For the reasons set forth above, a writ of mandamus shall issue to the Wabasha County District Court directing that court to refrain from further disclosure of the written report discussed herein and to suppress that report and to expunge it from court records.

Writ shall issue.

SCOTT, JUSTICE (concurring specially).

I agree with the court that the writ should issue, and would agree with the entire opinion if the logical conclusion that Rule 18, Rules of Criminal Procedure, has changed the law in Minnesota were more clearly spelled out.

The opinion states that Rule 18.06, subd. 3, abolishes presentments. In State ex rel. Strong v. District Court, 216 Minn. 345, 12 N. W. 2d 776 (1944), decided at a time when presentments were part of the statutory law, we allowed certain parts of a grand jury report to stand, but suppressed and expunged from

---

[3] In Hammond v. Brown, 323 F. Supp. 326, 345, the district court stated: "The great strength of the grand jury is its broad investigative power into the possible commission of crime. It has no right or authority as an advisory board or reviewing body as to other public officers, boards, commissioners or authorities. However, a grand jury's only statutory authority to report is to return a true bill or a no bill and to report in writing concerning the county jail. Nevertheless in Cuyahoga County Common Pleas Court, and in other courts, grand juries have followed the custom of preparing a written report on matters generally coming to their attention during the term. When these reports describe some condition relating to the apparent cause or recommended cure for crime, as long as no public officials or private citizens are singled out for derogatory comment, they are, though without express or implied foundation in law, harmless and may serve some good.

"But when a report does not indict, when it refers to public officials or private citizens by name or identity in a critical or defamatory manner, then the report is unlawful and harmful. It may be suppressed or expunged."

the files of the court that which did not conform to the statutory definition of "presentment." Now that the rules have abolished presentments completely, for the obvious reasons stated in this court's opinion, we are not changing the law of the Strong case one iota for we are still allowing a written report by the grand jury. This seems completely contrary to the purpose of the rule in abolishing presentments and also contrary to all the cases cited in the court's opinion. For example, we quote, as follows, People v. McCabe, 148 Misc. 330, 333, 266 N. Y. S. 363, 367 (1933):

"A presentment is a foul blow. It wins the importance of a judicial document, yet it lacks its principal attributes—the right to answer and to appeal. It accuses but furnishes no forum for a denial. No one knows upon what evidence the findings are based. An indictment may be challenged—even defeated. The presentment is immune. It is like the 'hit and run' motorist. Before application can be made to suppress it, it is the subject of public gossip. The damage is done. The injury it may unjustly inflict may never be healed."

The purpose of the abolition of the presentment was to avoid these effects. To allow any report at this time defeats the purpose. When criticism is made of an office or a function, it must be remembered that some individual holds the office or performs the function and that published reports will not limit the story to merely what is said by the grand jury in its report but will name the public official or person responsible for the function. We cannot be certain that a grand jury or those advising that body will always be sensible.

Again, in footnote 2 of the majority opinion, Hammond v. Brown, 323 F. Supp. 326, 345 (N. D. Ohio), affirmed, 450 F. 2d 480 (6 Cir. 1971), was correctly and appropriately quoted:

"* * * [W]e think the proper function of the grand jury under Rule 18 is to serve as a part of the criminal judicial

process, not a civil investigative arm of the executive. As the court stated in Hammond v. Brown [*supra*] : '* * * The grand jury in its inquest of crimes and offenses is part of the judicial branch of government. Like other branches of government the judicial branch is subject to the doctrine of separation of powers. State ex rel. Finley, Judge v. Pfeiffer, Bd. of County Commissioners, 163 Ohio St. 149, 126 N. E. 2d 57 (Ohio Sup. Ct. 1955). The grand jury is part of the judicial branch of government and is separate and distinct from the legislative and executive branches of government; and the grand jury, therefore, may not "impinge upon the authority or rights of the others," *Finley, supra*, at 149, 126 N. E. 2d at 58.' "

The court in Hammond goes on to say:

"Hence, a grand jury is without authority to issue a report that advises, condemns or commends, or makes recommendations concerning the policies and operation of public boards, public officers, or public authorities. Protection of the 'doctrine of the separation of powers' is carefully developed and relied on in a widely quoted and authoritative decision, Application of United Electrical, Radio & Machine Workers, 111 F. Supp. 858 (S. D. N. Y. 1953), in which Judge Edward Weinfeld ordered expunged a 'presentment' of a grand jury that was actually a report." 323 F. Supp. 345.

I believe we should hold clearly that presentments have been abolished by Rule 18, Rules of Criminal Procedure. In doing so we would be in no way limiting the grand jury's investigatory powers and hearings in the implementation of its duties enumerated in Minn. St. 628.61. A necessary investigation can be effective without the potential disclosure of its findings by other than the return of an indictment or a no bill. Proper questions and suggestions for corrective measures contemplated by Minn. St. 628.61 can be effectively put forth in the confidence of the grand jury room by members of the grand jury when specific witnesses are called in fulfilling this statutory duty. The suggestions to

that official called as a witness can be monitored during the grand jury's tenure. To extend this power to allow a reporting instrument without express authority is inconsistent with the intent of Rule 18.[1]

TODD, JUSTICE (concurring specially).
I join the concurring opinion of Mr. Justice Scott.
YETKA, JUSTICE (concurring specially).
I join in the concurring opinion of Mr. Justice Scott.

[1] Both amici curiae Minnesota Public Defenders Association and the Ramsey County Attorney agree with this conclusion.