## In re Grand Jury of Douglas County.
## Ernie W. Chambers, Appellant, v. Douglas County District Court, Appellee.

509 N.W.2d 212

Filed December 30, 1993.    No. S-91-776.

Ernie W. Chambers, pro se.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

Hastings, C.J., Boslaugh, White, Caporale, and Fahrnbruch, JJ., and Grant, J., Retired.

Boslaugh, J.

Ernie W. Chambers appeals from the trial court's denial of his motion to expunge material from the report issued by the Douglas County Grand Jury, which was convened to investigate crimes connected with the collapse of the Franklin Community Federal Credit Union in Omaha, Nebraska.

On November 4, 1988, federal authorities assumed control of the Franklin Community Federal Credit Union. After much

publicity and many allegations, the Nebraska Legislature passed a resolution forming a committee to investigate allegations surrounding the closing of the credit union. Chambers, who was a member of the Legislature, was appointed vice chairperson of the committee, but later resigned from the committee.

On January 31, 1990, Robert Spire, then Nebraska's Attorney General, filed an application in the district court for Douglas County to convene a grand jury for the purpose of investigating allegations of criminal activity connected with the credit union.

The grand jury was convened and charged on March 19, 1990. On July 23, 1990, the grand jury completed its report and requested that it be filed and made public. After the report was filed with the district court, it was released to the public and publicized by the news media.

The report was a wide-ranging document that discussed numerous matters and individuals and even recommended action be taken in Washington County, Nebraska, against certain individuals named in the report. Chambers and many other persons were criticized in the report, and much of what was apparently testimony before the grand jury was summarized or otherwise discussed in the report.

Chambers filed a motion to expunge the page containing criticism of his involvement in the investigation of the credit union case and such other portions of the report as the court deemed fit. His motion was denied on July 17, 1991. Chambers has appealed to this court and assigned as error the district court's failure to grant his motion to expunge.

It is the duty of the grand jury to inquire into offenses against the criminal laws of the State of Nebraska alleged to have been committed within the limits of the county in and for which the grand jury is impaneled and sworn and to determine based on the evidence presented whether or not there is probable cause for finding indictments. Neb. Rev. Stat. §§ 29-1406(2)(a) and (e) and 29-1407 (Reissue 1989). The grand jury may, during its term, visit the county jail, examine it, and report its condition. Neb. Rev. Stat. § 29-1417 (Reissue 1989).

The members of the grand jury are sworn to secrecy. Neb.

Rev. Stat. §§ 29-1404 and 29-1405 (Reissue 1989). However,

> [a] certified or authorized reporter shall be present at all grand jury sessions. All grand jury proceedings and testimony from commencement to adjournment shall be reported. The reporter's notes and any transcripts which may be prepared shall be preserved, sealed, and filed with the court. No release or destruction of the notes or transcripts shall occur without prior court approval.

Neb. Rev. Stat. § 29-1407.01(1) (Reissue 1989).

The grand jury's report "shall not be made public except" when it is filed with an indictment, when reporting on the condition of the county jail, or when a person or persons have requested a release and the judge of the district court finds that such release will exonerate that person or persons. Neb. Rev. § 29-1420 (Cum. Supp. 1992).

In the absence of a statute authorizing such, a grand jury has no right to file a report reflecting on the character or conduct of public officers or citizens, unless it is accompanied or followed by an indictment charging such individuals with a specific offense against the state. *Kelley v. Tanksley*, 105 Ga. App. 65, 123 S.E.2d 462 (1961). See, also, *In re Grand Jury of Wabasha County*, 309 Minn. 148, 244 N.W.2d 253 (1976); *Simington v. Shimp*, 60 Ohio App. 2d 402, 398 N.E.2d 812 (1978). Furthermore, anyone who has been the subject of an unauthorized report by a grand jury has the right to have the report expunged from official records. *Kelley v. Tanksley, supra.*

In discussing various jurisdictions' opposition to grand jury reports which criticize specifically named individuals, the Ohio Court of Appeals stated:

> The Mississippi Supreme Court has stated that a grand jury report criticizing a named individual is a "conviction by innuendo" and not compatible with basic principles of due process and fairness. Other courts have referred to reports which single out unindicted individuals as a perversion of the grand jury system, the work of a lynch mob, and an odious practice. Several courts have pointed out that injury to an individual named in a report can arise not only from the grand jury proceeding, but also from

the public's belief that the grand jury speaks with judicial authority. Further, any attempt by a named individual to rebut the contents of the report would not have, in the public's mind, the same "official weight" as the report's original accusation. Finally, at least one court has noted that legal remedies available to parties criticized in grand jury reports are often inadequate.

*Simington v. Shimp*, 60 Ohio App. 2d at 407-08, 398 N.E.2d at 816.

In the present case, the grand jury's report was not only critical of Chambers, but was also critical of several other individuals and state and local governmental bodies, without indicting any other persons for criminal offenses. The report only recommended indictment of three individuals for criminal offenses.

Section 29-1420 provides for publication of the grand jury's report only upon three exceptions, one being when the report includes indictments. The other exceptions for publication of the grand jury's report are not applicable in this case because the grand jury did not inspect the jail and there is no evidence that any persons requested the district court to publish the report for the purpose of exoneration.

Because the grand jury's report was not authorized for publication pursuant to § 29-1420, it should be expunged in its entirety from the records of the district court.

The judgment of the district court is reversed, and the cause is remanded to the district court, which is ordered to expunge the report of the grand jury in its entirety from the records of the court.

REVERSED AND REMANDED WITH DIRECTIONS.

LANPHIER, J., not participating.