## UNITED STATES v. WARREN.
### No. 37594.

District Court, E. D. New York.
Jan. 27, 1939.

Vine H. Smith, U. S. Atty., of Brooklyn, N. Y., Eastern District of New York

(John R. Starkey, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Joseph H. Wackerman, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

The question here involved arises on a plea in abatement to an indictment brought against the defendant for possessing certain alcohol upon which no tax had been paid. In October, 1938 the Grand Jury had heard the charges against the defendant, and failed to indict. The charges were then presented to the November 1938 Grand Jury which brought in the indictment to which the present plea is made.

The defendant's objection is based upon an argument founded on the recent decision of the United States Supreme Court in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 114 A.L.R. 1487, wherein it was held that there is no "federal general common law." That case further held that the federal courts were bound by state law in matters other than those governed by the Federal Constitution or the Acts of Congress. The defendant points out that under the law of the State of New York as expressed in Section 270 of its Code of Criminal Procedure, the dismissal of a charge by one Grand Jury prevents the submission of the charge to a second Grand Jury, unless the same is done at the direction of the Court. This rule, he contends, has been made governing upon the Federal Court sitting in New York as a result of the decision in Erie Railroad Company v. Tompkins, supra.

In United States v. Thompson, 251 U. S. 407, 40 S.Ct. 289, 64 L.Ed. 333, it was held that a Federal District Attorney might without first obtaining leave of Court, present to one Grand Jury charges which a previous Grand Jury had ignored. Thus, unless the Tompkins case is found to compel the modification of this rule, the defendant's plea must be overruled.

In overruling Swift v. Tyson, 16 Pet. 1, 3, 10 L.Ed. 865, the Court in the Tompkins case pointed out that its decision was compelled by the Constitution of the United States. Under the old rule though a matter arose under state law and bore no connection to the Federal Constitution or statutes, the mere presence of diversity of citizenship between the parties gave

a Federal Court power to apply its own concept of the common law even in opposition to a contrary line of state decisions. This situation, made possible, in effect, a change in the law applicable to the case merely because of the chance presence of diversity of citizenship. The evil in the situation was the application of a different "federal" law to a situation arising under and intended to be governed by state law.

 When, however, the question presented is not one arising basically under state law, but one involving federal law, the situation is quite different. Here, we are confronted with an indictment brought under a Federal statute. The Grand Jury finding the indictment is one set up under Federal law and its powers are to be construed by interpreting that Federal law. There is no occasion for the application of the doctrine of the Tompkins case.

The defendant urges that the repeated references made by the Court in United States v. Thompson, supra, to the common law in reaching its decision proves that it relied upon its own interpretation of the common law instead of looking to the applicable state rule. The fallacy in this approach is the assumption that every time a Federal Court made reference to the common law in a decision prior to the Tompkins case, and thereby reached a result at variance with the comparable state rule, that that decision must now be overruled. This analysis would ignore the fact that the decision might have been an interpretation of federal law.

 When reference was made to a Grand Jury in the Constitution and Statutes of the United States, that reference was to a Grand Jury having the powers of a Grand Jury as it was then known at common law. One of these powers was the power to indict even after a prior Grand Jury had refused to take action of the charge. Thus in People ex rel. Flinn v. Barr, 259 N.Y. 104, 181 N.E. 64, it is said at page 107, 181 N.E. at page 65: "At common law a prosecuting attorney might resubmit a charge to a grand jury after the same charge had been dismissed by a previous grand jury without obtaining an order of the court permitting such resubmission."

When, therefore, the Court in United States v. Thompson, supra, referred to the rule at common law it was construing the powers generally recognized as existent in an institution adopted by the United States. Such a reference to common law is very different from an attempted reference to a non-existent "federal general common law."

If it be regarded as an evil for a prosecuting officer, without permission of the Court, to resubmit to any subsequent Grand Jury the same charges upon which a former Grand Jury has refused to indict, the remedy is not with the Court, but with the Congress.

Plea of abatement is overruled.

Settle order on notice.