**In the Matter of PETITION FOR DISCLOSURE OF EVIDENCE BEFORE THE OCTOBER, 1959 GRAND JURY OF THIS COURT.**

United States District Court
E. D. Virginia,
Richmond Division.
March 24, 1960.

U. S. Atty., Alexandria, Va., for United States.

BRYAN, Chief Judge.

Application is now made, on behalf of the City of Richmond, by the Attorney General of Virginia, the Commonwealth's Attorney of the City, and the City Attorney to have made available to the City Council, through the Mayor, the evidence adduced before the grand jury and referred to in an oral and written statement of the grand jury to this court on March 15, 1960. Prefaced by their conclusions upon the probative force of the evidence, the grand jurors' statement asked the court to consider turning the evidence over to the Mayor of the City of Richmond and the Governor of Virginia. The United States opposes the release of the evidence until the indictments thereon are tried in this court.

Sensitive to their duties, the nature of the statement quite understandably brought the Council and the attorneys here immediately. At the start, then, the legal status of the return should be declared. Except for the request it made, the statement despite its sincerity has no standing in law.

The jurors had been cautioned by the court not to make a report condemning or commending anyone, but to indict or refuse to indict. The reason against condemnation, the court explained, was its unfairness—that the condemned person would thereafter have no opportunity in court to refute the accusation.

The necessity for secrecy as to what occurred before them was also stressed. Reports by a Federal grand jury should also be rigidly restrained in order to avoid obtrusion upon the spheres of the legislative and executive branches of the Government, as well as infringement upon the provinces of the State and local governments. Therefore, a report upon a condition, if ever justified in a United States Court, must be severely circumscribed. Cf. Application of United Electrical, Radio and Machine Workers, D.C.S.D.N.Y.1953, 111 F.Supp. 858, ff., with opinion by Judge Edward

———◆———

J. Elliott Drinard, City Atty., T. Gray Haddon, Commonwealth's Atty., Richmond, Va., for City of Richmond.

Joseph S. Bambacus, U. S. Atty., Richmond and Henry S. FitzGerald, Asst.

Weinfeld; Stack v. Boyle, 342 U.S. 1, 9–10, 72 S.Ct. 1, 96 L.Ed. 3, concurring opinion.

The recommendation of the grand jury obviously sprang from a scrupulous and conscientious concern that their silence, in the knowledge of the character of the evidence, might be a dereliction of duty. Their purpose, plainly, was to communicate to the court their conviction that the evidence before them warranted the scrutiny of the State and City authorities. To assist this inquiry they suggested a referral of the evidence to those authorities. This was wholly proper. But, for this purpose, their return should have been simply a communication to the court recommending, without more, that the evidence be laid before the State and City officials.

Although acting in the utmost good faith, the jury's report should not have made known the tenor or purport of the evidence before them, for this was an exposure of their proceedings. Nor should it have made public the implications the jurors drew from this evidence, for this was an encroachment upon State and local jurisdiction. All of the report save the request it contains must, therefore, be expunged. The question now is whether the suggestion of the grand jury can, and should be, followed.

Secrecy of grand jury hearings has in history and in hornbook been a precept of criminal procedure. The nature and virility of the grand jury, as a common law institution, could be seriously weakened if the privileged privacy and security of its hearings were readily or freely withdrawn. Persons would be deterred, through fear of subsequent publicity and possible reprisals, to reveal to the grand jury their knowledge of crime committed or of facts helpful in its detection. United States v. Procter & Gamble, 1958, 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077; United States v. United States District Court, 4 Cir., 1956, 238 F.2d 713, 719.

But the secrecy is not inviolable. Quite soundly, the same doctrine relaxes the injunction whenever the public interest would be better served by delivering up the grand jury evidence. Resolution of the conflict has immemorially been entrusted to the court of the grand jury. The seal of secrecy, as well as the responsibility of the court, are now written into the Federal Rules of Criminal Procedure, Rule 6(e), 18 U.S.C.A., prescribing:

"Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. * * *." Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 398, 79 S.Ct. 1237, 3 L.Ed.2d 1323; Parr v. United States, 5 Cir., 1959, 265 F.2d 894, 902.

By way of rubric to this canon, the Supreme Court has said, "Grand jury testimony is ordinarily confidential. * * * But after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." Opinion by Mr. Justice Douglas in United States v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150, 233, 234, 60 S.Ct. 811, 849, 84 L.Ed. 1129. The jury's minutes are to be divulged, we are further advised, only for a "particularized need". United States v. Procter & Gamble, supra, 356 U.S. 677, 683, 78 S.Ct. 983.

Insofar as it seeks the minutes in administrative disciplinary action, the City's petition goes beyond the permissive limits. It would not be a "judicial proceeding" or a preliminary step there-

to. Its use of the records, the City has emphasized, would be to reach misbehavior not indictable or prosecutable as crime.

On the other hand, the Commonwealth Attorney's employment of the evidence would be in aid of his own investigation, the State grand jury's inquest, or in the trial of a criminal warrant, information or indictment. This would satisfy the Rule's stipulation that the production be "preliminarily to or in connection with a judicial proceeding".

We cannot agree with the United States that this phrase refers only to a Federal proceeding. Sensibly, no such restricted meaning should be given to the phrase—certainly not here where the public in interest is the same under each sovereignty. Precedent, too, upholds this construction. The United States Court of Appeals for the Second Circuit has approved release of Federal grand jury minutes to a city bar association in prosecuting a disbarment. Doe v. Rosenberry, 1958, 255 F.2d 118.

Further, for the Commonwealth's Attorney the petition does show a "particularized need". He prosecutes offenses both of City ordinance and State law. In this he would be primarily assisted, and perhaps time and effort saved, by his learning in advance, though in confidence, whether the grand jury evidence indicated a transgression of law other than Federal. This knowledge would also give direction to his further inquiries, if satisfied they should be pursued. His determination of whom to send as witnesses before the State grand jury likewise would be advised by his cognizance of the Federal evidence. This guidance is especially valuable—the Virginia statutes give immunity from prosecution for gaming or bribery to any witness testifying before the State grand jury or the court upon these offenses. 1950 Va.Code, 18–242 and 19–240.

Access to the records will, therefore, be granted the Commonwealth's Attorney of Richmond. The Attorney General of Virginia is not included because the court understands from the petition that he does not now seek the right. Of course, the privilege will be exercised by the Commonwealth's Attorney under the continued supervision of this court, which reserves the power to enlarge or restrict the permission. In Re April 1956 Term Grand Jury, 7 Cir., 1956, 239 F.2d 263, 272.

At the appropriate time, the testimony will be placed by the United States Attorney in the custody of the Clerk of this court, to be kept out of public view and not removed from his office. The contents of the records will be kept confidential by the Commonwealth's Attorney. In the use of the information so obtained by him, the court will rely upon the Commonwealth's Attorney to withhold, as far as practicable, mention of the names of the witnesses giving particular testimony. In short, as far as it can be done, he will use the testimony only as a source of information for his own independent inquiry, rather than as evidence itself.

The United States, only rightly, is entitled to the first use of the testimony. The Commonwealth's Attorney's inspection of the testimony will necessarily have to await the disposition of the pending indictment. The suggestion of the United States Attorney, in argument has been followed by the court and it has read some of the grand jury testimony. This, too, persuades the court of the advisability of deferring the disclosure until after the trials. Protection of the witnesses—a constituent of the rule of grand jury secrecy—dictates this course.

It must be remembered, however, that meanwhile the Commonwealth's Attorney is at liberty to secure the names of the persons called before the Federal grand jury. This is a matter of public record. Besides, the documentary proof before the grand jury is now available to him. In this connection it is well to remember, too, that the secrecy of the grand jury proceedings is not imposed upon the witnesses. They may be freely interviewed by State or City officials. They may at any time repeat what they

said in testimony before the grand jury, or otherwise relate their knowledge on the subject in inquiry.

The court will retain jurisdiction of the petition with leave to the petitioner, its counsel and United States Attorney to apply from time to time for a modification, for cause, of the conclusions and directions herein expressed.

It is so ordered.