**In re Report of GRAND JURY PROCEEDINGS Filed on June 15, 1972.**

**Appeal of Honorable Jerry WOODARD, et al.**

**No. 72-3499.**

United States Court of Appeals, Fifth Circuit.

June 4, 1973.

Rehearing and Rehearing En Banc Denied July 3, 1973.

Joseph A. Calamia, John L. Fashing, Jerry Woodard, Judge, 34th Judicial District Court, El Paso, Tex., for appellants.

Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before AINSWORTH, GODBOLD and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge.

This is an appeal from the denial of the United States District Court of an application filed by Judge Jerry Woodard, presiding state judge in El Paso County, Texas, to expunge a federal grand jury report from the federal district court's records at El Paso, Texas. The "Report of Grand Jury Proceedings" was presented by the jury to the federal district court on June 15, 1972. Pursuant to the request of the grand jury, the district judge directed the clerk to file the report as a public record. Judge Woodard then filed an application to expunge the entire report. Before this application was acted upon, Judge Woodard sought and obtained from this Court an order directing the lower court to rule on the application within ten

days, without a hearing or the taking of evidence. The district court's denial of the application followed. The various issues presented on appeal basically raise two questions: whether the federal grand jury had the power or the authority to make the report, and whether the report should be expunged.

The facts underlying this controversy are as follows: Judge Woodard, as presiding judge in the District Court of El Paso County, Texas, Thirty-Fourth Judicial District, dismissed a state narcotics case on April 18, 1972, pursuant to a motion by the assistant district attorney representing the State of Texas. The motion to dismiss the prosecution in the state case was made after a federal agent testifying at the trial allegedly made inconsistent statements. Subsequently the El Paso federal grand jury investigated the circumstances of the dismissal to determine whether there had been any violations of federal statutes involved. Apparently the grand jury was concerned with possible effects on the credibility of the federal agent because of the inference that his testimony was critical to pending federal narcotics cases.[1] This investigation led to the "Report of Grand Jury Proceedings." Pertinent portions of the text of the report read:

"After hearing numerous witnesses, it was apparent to us that the variances in testimony by the federal officer, who was not even the star witness, and on whose testimony the decision to call a mistrial was based, could have been reconciled without too much difficulty, and indeed, the mis-

trial could have been avoided altogether had the witness been properly prepared by the District Attorney's office prior to the trial. It is unrealistic to expect a witness to recall exact dates from as far back as a year ago. Therefore, we strongly recommend that every law enforcement officer who serves as a witness in a trial should not only be *allowed* to review the case history prior to the trial, but should be *required* to do so.

"El Paso has a serious drug problem, and trials are very expensive. It is, therefore, the recommendation of this Grand Jury that in the future the District Attorney's office take more precaution to prepare their witnesses prior to the trial, and during the actual trial, make a more determined effort to keep the main objectives of the case in mind, making certain any variances in testimony truly cannot be reconciled before calling a mistrial.

"We feel officer DeHoyos has done an excellent job and that all charges and accusations made against him were completely unfounded.

"We feel that the atmosphere surrounding the entire trial i. e. the defense attorney hurling accusations at witnesses, newspaper reporters appearing on cue, etc. was not in the best interests of justice or the people of the City of El Paso.

"We further feel that the Judge and District Attorney by dismissing the charges before completion of the trial did a disservice to the people of El Paso at large and in particular to those persons who were empaneled and sit-

---

1. The first paragraph of the grand jury's report states that the testimony of the federal officers was discredited in the trial in question and that the grand jury conducted hearings to inquire into the circumstances involved. At oral argument, the Assistant United States Attorney stated to this Court that he had referred the matter to the grand jury for their consideration. In his order denying the application for expunction, the district judge stated that the federal agent involved in the state mistrial "had made

numerous narcotic cases which were pending in the State Court and some of which were connected with the case that was dismissed. Likewise he had made numerous federal narcotic cases on which a Federal Grand Jury had returned indictments. The United States Attorney had reason to believe that there was a possible conspiracy to discredit this officer in order to prevent the prosecution of these state and federal cases in which he was involved."

ting as a jury in consideration of this case.

"The Grand Jury recommends that this report be filed as a public record."

In denying the application, the district judge reasoned that the court had nothing to do with the investigation by the grand jury of the matter involved in the report; that the court could not scrutinize matters considered by the grand jury; and that the court had no power to direct, control, suppress, influence, or interfere with the investigations, deliberations, recommendations, and reports of the grand jury. The court felt that the grand jury lawfully exercised its inquisitorial powers in the investigation of possible federal offenses, and that it acted within its authority in wishing to "clearly reflect its conscientious conclusion as to the public perjury charges against the federal officer and the conduct of the state officials involved therein." The court further stated: "Undoubtedly, the Federal Grand Jury, hav-

ing concluded that the charges against this federal officer were unfounded, felt that it should report its findings to the Court. While, as stated above, it is the opinion of this Court that it has no discretion and no power to pass upon the propriety of a report by a Federal Grand Jury, if it did have such power, it would find that the conduct of the Grand Jury in this case was proper."

Appellant contends that the grand jury can only lawfully indict or return a no true bill, and that it is powerless to speak publicly of any other matter; indeed, that it has no other public existence. Because we decide the instant case on other grounds, we pretermit the issue of whether a federal grand jury has the authority to make reports. We point out, however, that there is persuasive authority and considerable historical data to support a holding that federal grand juries have authority to issue reports which do not indict for crime, in addition to their authority to indict and to return a no true bill.[2]

2. Although there are cases, most of which concern state grand jury reports, which allow expunction and cases which uphold grand jury reports, we have found no case with the same factual situation as the one presented on this appeal. Most decisions are made on the basis of the facts of the case. Among the factors considered are: whether the report describes general community conditions or whether it refers to identifiable individuals; whether the individuals are mentioned in public or private capacities; the public interest in the contents of the report balanced against the harm to the individuals named; the availability and efficacy of remedies; whether the conduct described is indictable.

The historical development of the grand jury is traced in Morse, A Survey of the Grand Jury System, 10 Oregon L.Rev. 101–122 (1931); Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); In re Charge to Grand Jury, 30 Fed.Cas.No.18,255, p. 992 (1872); dissenting opinion of Harlan, J., in Hurtado v. People of State of California, 110 U.S. 516, 538, 4 S.Ct. 111, 28 L.Ed. 232 (1884); Ex parte Bain, 121 U.S. 1, 11, 7 S.Ct. 781, 30 L.Ed. 849 (1887); concurring opinion of Wisdom, J., in United States v. Cox, 5 Cir., 1965, 342 F.2d 167,

186–188, cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965).

The history of the grand jury and the grand jury's authority to make reports which do not indict are discussed in the following: concurring opinion of Wisdom, J., in United States v. Cox, *supra*, 342 F.2d at 185–190, Younger, The People's Panel: The Grand Jury in the United States, 1634–1941 (1963) (extensive treatment); Kuh, The Grand Jury "Presentment"; Foul Blow or Fair Play, 55 Col.L.Rev. 1103 (1955); Edgar, Jr., The Propriety of the Grand Jury Report, 34 Tex.L.Rev. 746 (1956); Orfield, The Federal Grand Jury, 22 F.R.D. 343, 394–402, 436–447 (1959). The latter three articles include analyses of state cases and citations to other authorities.

The grand jury's reporting function is also considered in 4 Stan.L.Rev. 68, 68–69 (1951); Dession and Cohen, The Inquisitorial Functions of Grand Juries, 41 Yale L.J. 687, 704–712 (1932); United States v. Smyth, 104 F.Supp. 283 (1952); In re Presentment by Camden County Grand Jury, 10 N.J. 23, 89 A.2d 416 (1952); concurring opinion of Wisdom, J., in United States v. Cox, *supra*, 342 F.2d at 189. In United States v. Cox, *supra*, in concurring opinions, Judges Wisdom and Brown suggest the return

We find that the substance of the report, however, bears little relevance to federal subject matter and is concerned mostly with a purely local affair. The report itself shows no adequate or sufficient reason to assume a federal concern where critical determinations are made about a local controversy involving the conduct of a state trial for violations of Texas state laws. There is no apparent federal purpose to be served by the reference to Judge Woodard and to the state district attorney, and the United States Attorney has not supplied this Court, in brief or in oral argument, any good and sufficient reason for the grand jury's report. Accordingly, we have concluded to require that the district judge order expunction of the portions of the report which deal with purely local affairs, as follows:

> . . . [T]he mistrial could have been avoided altogether had the witness been properly prepared by the District Attorney's office prior to the trial. It is unrealistic to expect a witness to recall exact dates from as far

back as a year ago. Therefore, we strongly recommend that every law enforcement officer who serves as a witness in a trial should not only be *allowed* to review the case history prior to the trial, but should be *required* to do so.

> . . . It is, therefore, the recommendation of this Grand Jury that in the future the District Attorney's office take more precaution to prepare their witnesses prior to the trial, and during the actual trial, make a more determined effort to keep the main objectives of the case in mind, making certain any variances in testimony truly cannot be reconciled before calling a mistrial.

> . . . . . .

> We further feel that the Judge and District Attorney by dismissing the charges before completion of the trial did a disservice to the people of El Paso at large and in particular to those persons who were empaneled and sitting as a jury in consideration of this case.

---

into open court of a "presentment" or "indictment" unsigned by the District Attorney, and therefore insufficient to institute criminal proceedings, which would be equivalent to a grand jury's report. United States v. Cox, *supra*, at 184–185, 189. Orfield, *supra*, comments: " . . . the full extent of inquisitorial power has never been settled by the precedents. [Application of Texas Co., 27 F.Supp. 847, 850 (1939)]. The powers of the grand jury are not defined in the federal statutes. The statutes authorize the court to call a grand jury, provide for the manner of such calling, define a quorum, and give the court the right to excuse or discharge. Thus the powers of the grand jury have been spelled out by the courts. State law does not determine the powers and functions of federal grand juries. [United States v. Warren, 26 F.Supp. 333 (1939)]." Orfield also cites United States v. Smyth, *supra*, as authority for the grand jury to make reports. For citations to law review articles on the reporting function, see Orfield, *supra*, 22 F.R.D. at 446 n. 751, and 447 n. 753–754.

Some authorities explain that the federal grand jury is recognized by the Fifth Amendment to the United States Consti-

tution's reference to a right to indictment by a grand jury in enumerated instances, and that it has been held that the powers of the federal grand jury are those of its English prototype at Common Law. See Orfield, *supra*, citing Blair v. United States, 250 U.S. 273, 282, 39 S.Ct. 468, 63 L.Ed. 979; Carroll v. United States, 2 Cir., 1927, 16 F.2d 951, 953; O'Connell v. United States, 2 Cir., 1930, 40 F.2d 201, 205. United States v. Cox, *supra*, dissenting opinion, 342 F.2d at 178, citing Costello v. United States, 350 U.S. 359, 361, 76 S.Ct. 406, 100 L.Ed. 397 (1956); Ex parte Bain, *supra*, 121 U.S. at 10, 11, 7 S.Ct. 781; In re April 1956 Term Grand Jury, 7 Cir., 1956, 239 F.2d 263, 268, 269. United States v. Smyth, *supra*; concurring opinion of Wisdom, J., in United States v. Cox, *supra*, 342 F.2d at 186, citing Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). 4 Stan.L.Rev. 68 (1951); In re Charge to Grand Jury, *supra*. Congress has specifically authorized grand jury reports for special grand juries (18 U.S.C. § 3331 et seq.) in 18 U.S.C. § 3333. The legislative history of this section is found in 1970 U.S.Code Cong. and Adm.News, p. 4007.

Vacated and remanded with directions that the district court order that the Clerk of the United States District Court, Western District of Texas, El Paso Division, expunge those portions of the "Report of Grand Jury Proceedings" filed on June 15, 1972, which are described above.

Vacated and remanded with directions.