**In the Matter of the GRAND JURY, 1974.**

**Misc. No. 27.**

United States District Court,
W. D. Oklahoma,
Criminal Division.

May 22, 1974.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for plaintiff.

Byrne A. Bowman, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

David and Jo Evans Hall have filed in this Court an Application for Copies of Transcripts (of testimony of witnesses before the Grand Jury of this Court). Applicants note that the United States Attorney for this District filed a Motion For Disclosure in which he represented that the 1974 Grand Jury empaneled in this District has received evidence of violations of the Internal Revenue Laws (Title 26, United States Code) and of violations of the criminal laws of the State of Oklahoma (Title 21, Oklahoma Statutes 1971). In said Motion, he further represented that the Internal Revenue Service and the Attorney General of Oklahoma have commenced investigations into the violations of the laws in question and the persons purportedly involved. In his Motion, he moved for an Order of this Court pursuant to Rule 6(e), Federal Rules of Criminal Procedure authorizing disclosure of evidence received or to be received relating to violations of the Internal Revenue Laws to agents of the Internal Revenue Service and for disclosure of evidence received or to be received relating to violations of the criminal laws of Oklahoma to the Oklahoma Attorney General. Said Motion was granted by this Court and an appropriate Order was issued by the Court on March 25, 1973 authorizing the disclosure of evidence to the Internal Revenue Service and to the Oklahoma Attorney General.[1]

---

1. On the representation of the United States Attorney it was appropriate to order disclosure of evidence of alleged Internal Revenue and State law violations to the Internal Rev-

In their Application herein, Applicants assert that the United States Attorney has wilfully breached the secrecy of the Grand Jury proceedings by seeking and obtaining the disclosure Order. Applicants assert that transcripts of testimony of witnesses before the Grand Jury relating to Applicants David and Jo Evans Hall were delivered to the Attorney General of the State of Oklahoma, that the secrecy of same has been terminated and thus they urge they are entitled to copies of same. A Brief in support of the Application has been submitted.

The United States has responded in opposition to the Application supporting their position with a Brief. It asserts that the delivery of evidence to the Attorney General of Oklahoma pursuant to the Order of the Court does not entitle Applicants or any other person to copies of said evidence.

Rule 6(e), Federal Rules of Criminal Procedure provides:

"(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons."

The rationale for such secrecy is set out in Wright, Federal Practice and Procedure in Section 106, Indictment and Information, page 170 as follows:

"It is commonly said that there are five reasons for the policy of secrecy: '(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.' These are compelling reasons, well tested by time. They demonstrate the great importance of preserving the secrecy of the grand jury while the grand jury is still considering a matter."

In the instant case, no indictments have been returned against the Applicants. No showing has been made or even alleged that the Grand Jury is not considering matters in relation to which the testimony furnished the Internal Revenue Service and the Attorney General was received. The Grand Jury has

---

enue Service and the Attorney General of Oklahoma respectively. Indeed, it would be improper to withhold evidence of an alleged violation of State law from State prosecutors. See In re Petition for Disclosure of Evidence, Etc., 184 F.Supp. 38 (E.D.Va. 1960). Cooperation between State and Federal prosecutors in the public interest is to be encouraged, not discouraged.

not been discharged by the Court. Applicants conclude that the Order authorizing disclosure to the State Attorney General and to the Internal Revenue Service constituted a "breaking" of the secrecy of the grand jury testimony and urge they are entitled to copies as a "matter of equity and fair play." They state no particularized or compelling need for the transcripts although they state in their Brief that the Court has discretion to permit disclosure upon a showing of same.

Applicants have not cited any authority for the disclosure of grand jury testimony to a person prior to his being indicted and while there is an ongoing probe. In the case of In re Bonanno, 344 F.2d 830 (Second Cir. 1965) the Court stated:

> "Moreover, we have not been referred to a single case authorizing disclosure of a witness' testimony *during the pendency of grand jury investigations,* traditionally surrounded with a shroud of secrecy that should be removed 'discretely and limitedly.' United States v. Procter & Gamble, 356 U.S. 677, 683, 7 S.Ct. 983, 2 L. Ed.2d 1077 (1958). As we said recently, 'Only when justice requires it or when the advantages gained by secrecy are clearly outweighed by a countervailing interest in disclosure, e. g., when there is a particularized need for the minutes, should the veil be lifted.' United States v. Marchisio, 344 F.2d 653, (2 Cir. April 9, 1965). The District Court acted well within the bounds of its discretion in refusing to apply those carefully limited exceptions to this case, where secrecy was necessary in an ongoing probe 'so that others under investigation and other prospective witnesses might not be warned of what had been asked and answered and so aided in thwarting the inquiry.' United States v. Tramunti, 343 F.2d 548, (2 Cir. April 5, 1965)."

In United States v. Anzelmo, 319 F. Supp. 1106 (E.D.La.1970) the Court dealt with a claim that the grand jury secrecy was breached by a Securities and Exchange Commission attorney reviewing transcripts and held that grand jury secrecy was not violated by the same.

The Application should be denied in the discretion of the Court as the Order of disclosure entered herein on March 25, 1974 did not break the veil of secrecy of the grand jury proceedings in such manner to warrant favorable consideration of the Application. As the 1974 Grand Jury of this Court may still be investigating matters related to the evidence ordered released to the Internal Revenue Service and the Attorney General of Oklahoma the reasons for maintaining the secrecy of the grand jury proceedings are still present.