## No. 27652

**In the Matter of the 1976 Arapahoe County Statutory Grand Jury and Suppression of the Grand Jury Report**

(572 P.2d 147)

Decided November 29, 1977.

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Deputy, Ronald J. Hahn, Deputy, for appellant.

Ronald S. Loser, Arapahoe County Attorney, for Board of County Commissioners of the County of Arapahoe.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

On appeal, the provisions of Crim. P. 6.7 (1976 Supp.), relating to grand jury reports, are before us for interpretation. Two issues are presented: Was it within the discretion of the trial judge to expunge or suppress the "Special Report of the 1976 Arapahoe County Statutory Grand Jury"? And, if so, did the trial judge abuse his discretion? We affirm the ruling of the trial judge and find no abuse of discretion.

We have previously reviewed the history and the scope of the grand jury function. *See Losavio v. Kikel,* 187 Colo. 148, 529 P.2d 306 (1974); *Gher v. District Court,* 183 Colo. 316, 516 P.2d 643 (1973).

Colorado was one of the first states to adopt comprehensive rules of procedure relating to the grand jury. A number of the innovations which are included in the Colorado grand jury rules have been the subject of extensive study and are currently part of proposed federal legislation relating to grand jury reform. Crim. P. 6; *see* 63 A.B.A.J. 1189.

Crim. P. 6.7, which is in issue in this case, provides:

"*Rule 6.7. Reports*

"(a) *Statutory Authority.* The grand jury may submit to the court a report on any matters investigated under its statutory authority.

"(b) *Court May Seal.* If at any time after receipt and review of a report the court finds that the filing of such report as a public record might prejudice fair consideration of a pending criminal matter, it shall order that the sealing of such report be continued. Such order shall provide that such sealed report shall not be subject to subpoena or otherwise be made public during the pendency of such criminal matter. When the court finds that the report could no longer prejudice fair consideration of a pending criminal matter, and when the provisions of this rule have been complied with, the court shall make a determination as to whether such report should be filed as a public record or be permanently sealed.

"(c) *Public Record When.* When the court has complied with all other requirements of this rule and is satisfied that the report is supported by substantial evidence when the record is considered as a whole, the court shall make a determination as to whether such report should be filed as a public record or be permanently sealed and shall proceed to direct such filing or sealing."

Subsections (b) and (c) specify the duty of the district court and set forth three conditions which must be met if the grand jury report is to be filed: (1) the filing must not prejudice pending criminal matters; (2) the report must be supported by substantial evidence when the record is

considered as a whole; and (3) the court must determine, in the exercise of its discretion, that the report should be filed as a public record.

The court in *In re Report of Grand Jury Proceeding*, 479 F.2d 458 (5th Cir. 1973), set forth some of the relevant factors that other courts have considered in the exercise of this discretion:

"[A]mong the factors considered are: whether the report describes general community conditions or whether it refers to identifiable individuals; whether the individuals are mentioned in public or private capacities; the public interest in the contents of the report balanced against the harm to the individuals named; the availability and efficacy of remedies; whether the conduct described is indictable. . . ."

In considering whether a grand jury report may be filed, recognition must be given to the balance which must be struck between the rights of those affected by the filing of the report and the public benefit which may be achieved by the filing of the report. The damage to the individuals named in the report constitutes a form of irreversible extra-judicial punishment which has caused some courts to condemn the practice of indiscriminately filing grand jury reports. *See People v. Superior Court of Santa Barbara County*, 13 Cal.3d 430, 531 P.2d 761, 119 Cal.Rptr. 193 (1975); *see also United States v. Briggs*, 514 F.2d 794 (5th Cir. 1975). An unfavorable report, from which there is no appeal, is quasi-judicial in nature and, therefore, may be considered by many as a reliable source of information. A grand jury is accountable to no one and should not be used as a super-legislative body or to express views on political issues. *In re Report of Grand Jury Proceedings, supra.*

From an examination of the record, we conclude that the district court did not abuse its discretion in suppressing and expunging the grand jury report in this case.

We, therefore, affirm the judgment and ruling of the district court.

MR. JUSTICE GROVES does not participate.