## In re GRAND JURY PROCEEDINGS.

### Misc. No. 79–507.

United States District Court,
E. D. Pennsylvania.

Dec. 28, 1979.

---

Louise G. Herr, Asst. Dist. Atty., Lancaster, Pa., for Commonwealth of Pennsylvania.

---

## MEMORANDUM

SHAPIRO, District Judge.

The Commonwealth of Pennsylvania, through an Assistant Attorney General of Lancaster County, has moved, pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure,[1] for disclosure of material from an investigation of a federal grand jury for purposes not disclosed in its moving papers. Counsel at an *in camera* hearing asserted the material related to investigation and possible prosecution of violations of state criminal law. On review of the Commonwealth's motion and supporting memorandum, the hearing thereon, and a supplemental memorandum in support of the grant of the motion *nunc pro tunc*, this Court has determined that the motion must be denied.

Rule 6(e)(2)(A)(i) and (ii) permit disclosure without judicial approval to an attorney for the government and such government personnel as are deemed necessary to assist in the attorney's duty to enforce the federal criminal law; the provisions permitting such disclosure exclude an attorney for a State. Therefore, the disclosure can only be permitted pursuant to Rule 6(e)(2)(C), "when directed by a Court preliminarily to or in connection with a judicial proceeding." It is clear that the judicial proceeding contemplated by the Rule would include a state criminal trial. *In The Matter of Petition For Disclosure of Evidence Before Oct. 1959 Grand Jury*, 184 F.Supp. 38 (E.D.Va.1960).

---

1. Federal Rule of Criminal Procedure 6(e) provides:

   "(e) Secrecy of Proceedings and Disclosure.—

   (1) General Rule.— . . . any person to whom disclosure is made under paragraph (2)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules.

   . . .

   (2) Exceptions.—

   (A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand jury, may be made to—

   (i) any attorney for the government for use in the performance of such attorney's duty; and

   (ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce Federal criminal law.

   . . .

   (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

   (i) when so directed by a court preliminarily to or in connection with a judicial proceeding; or

   (ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."

■ Upon a proper showing it would be within the authority of this Court to order disclosure of grand jury material at this time. However, no such showing has been made. The Commonwealth has offered conclusory allegations that the material is necessary for an ongoing investigation and, without valid reason or explanation, alleged that the materials could not be obtained in another way.[2]

■ However, to obtain an order for disclosure of grand jury material there must be a showing of a compelling, particularized need. *In Re Grand Jury Proceedings*, 445 F.Supp. 349 (D.R.I.1978), *appeal dismissed*, 580 F.2d 13 (1st Cir. 1978); *U. S. v. Downey*, 195 F.Supp. 581 (S.D.Ill.1961). The bare assertion that the disclosure is "in the interests of justice" fails to meet that standard.

■ The Commonwealth cites in support of its position a footnote from *In The Matter of The Grand Jury, 1974*, 377 F.Supp. 1282, 1282 n. 1 (W.D.Okl.1974), approving cooperation between State and Federal prosecutors in the public interest. The footnote stated it had been appropriate to order disclosure of evidence to the Attorney General of Oklahoma on the prior motion of the United States Attorney; however, the sufficiency of the representations was not then litigated in that proceeding. It was held that an application for transcripts of testimony of witnesses should be denied on the ground that there was no showing of particularized or compelling need. The prior disclosure did not break the veil of secrecy, the grand jury might still be investigating matters relating to the evidence sought to be released and the reasons for maintaining grand jury secrecy were still present.

A federal court does have an obligation to cooperate with state officials in the proper enforcement of state law, but the court must balance the great interest in grand jury secrecy against the goal of a just result in a possible state judicial proceeding.

■■ In the exercise of judicial discretion it makes a difference if the material sought is that of a federal grand jury no longer in existence or that of an ongoing investigation and the target is still the subject of federal grand jury consideration. The traditional reasons for cloaking grand jury proceedings—(1) to prevent the accused from escaping and from tampering with witnesses; (2) to protect the reputation of an accused who is not indicted; (3) to encourage witnesses to appear and speak freely; and (4) to encourage jurors to engage in uninhibited investigation and deliberation—recently stated in *U. S. v. Malatesta*, 583 F.2d 748, 752 (1978), have even more force in relation to an existing grand jury. *Cf., Brin v. U. S.*, Nos. 73–1550 and 73–1551 (7th Cir. December 10, 1973), (the district judge found the State's attorney had shown a particularized need for the grand jury minutes in a civil proceeding against public employees, the federal grand jury had long since been discharged, the indictments it brought had been disposed of, and the disclosure of the minutes was not shown to have had any untoward effect). The in-

---

**2.** The Commonwealth's motion states that "prior to the promulgation of disclosure procedures presently in force . . . an FBI Agent did disclose to a Pennsylvania State Trooper 'some of the evidence requested by this motion.' This disclosure was made by [the FBI Agent] in good faith and in the belief that the disclosure was permitted under the provisions of Rule 6(c) (sic) as it was then drafted."

The Court, in the belief it was its duty to investigate an averment of the Commonwealth as to the state of mind of a federal agent in regard to an alleged violation of the Federal Rules of Criminal Procedure, held an *in camera* hearing to consider the need for contempt proceedings for a knowing violation of F.R.Crim.P. 6(e). After taking testimony under oath, the Court determined not to institute contempt

proceedings because (1) the FBI Agent in making the unauthorized disclosure did act in good faith on the erroneous advice of a Government attorney that no court order was required but that a Notice of Disclosure would suffice, (2) although no court order was obtained nor was a Notice of Disclosure ever filed, the failure to obtain a court order or file a Notice of Disclosure was not the fault of the FBI Agent involved, and (3) the U.S. Attorney, recognizing the above to be in violation of the Federal Rules of Criminal Procedure, has by written memoranda and educational measures, taken what is hoped to be effective measures to prevent future violations of the rules regarding secrecy of grand jury proceedings by federal agents.

stant motion seeks documents relating to matters currently under investigation by the federal grand jury; grand jury secrecy is important and disclosure cannot be lightly or hastily ordered. *In Re Grand Jury Proceedings*, Misc. No. 79–680 (E.D.Pa. August 9, 1979). Of course the interest in grand jury secrecy, although reduced, is not eliminated where the grand jury has ended its activities. Even when the grand jury has concluded its operations, the Supreme Court still requires the District Court to consider not only the immediate effects upon a particular grand jury but also the possible effect upon the functioning of future grand juries. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

There is one additional unusual aspect to the Commonwealth's request which counsel has not addressed notwithstanding the invitation of the Court to do so. All requests for disclosure which are the subject of the instant motion were withdrawn at the hearing ordered by the Court except for certain bank records of an individual. The Supreme Court of Pennsylvania in *Commonwealth of Pennsylvania v. DeJohn*, —— Pa. ——, 403 A.2d 1283, 1307 (1979), has held that under the Pennsylvania Constitution a bank customer has a legitimate expectation of privacy in his or her bank record which cannot be obtained without due process, including notice to the customer. The highest Court of the State has imposed a standard for the process which is due under Pennsylvania law beyond the standard imposed by the Supreme Court under the Constitution of the United States. To permit recourse to federal grand jury subpoena powers in this case would make the Court the instrument by which State Constitutional requirements as to due process are avoided. To allow State due process restrictions to create the compelling particularized need necessary to meet the requirements of F.R.Crim.P. 6(e) cannot be in the interests of justice.

In summary, there is a long-established policy of maintaining secrecy of grand jury proceedings; *U. S. v. Proctor & Gamble*, 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). However, F.R.Crim.P.

6(e)(2)(C)(i) permits disclosure "when so directed by a court preliminarily to or in connection with a judicial proceeding." The requirement of a court order makes clear that even when the literal requirements of Rule 6(e) are met, a court must carefully balance the interest of continued grand jury secrecy against the goal of a just result in a judicial proceeding:

(1) the burden is on the applicant to show that a "particularized need" exists for the grand jury material which outweighs the policy of secrecy;

(2) the indispensable secrecy "must not be broken except where there is a compelling necessity;" and

(3) disclosure is proper where there is a compelling need for it and such disclosure is required by the ends of justice.

*In The Matter of Disclosure of Testimony, Etc.*, 580 F.2d 281, 286 (8th Cir. 1978); *U. S. v. Rockwell International Corporation*, Cr. No. 78–325 (E.D.Pa. August 9, 1979).

The Court in exercising the duty to weigh carefully competing interests in light of the relevant circumstances and standards which obtain cannot justify disclosure on this record.