## In re GRAND JURY SITTING IN CEDAR RAPIDS, IOWA.

### Misc. No. 90–0004.

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

April 18, 1990.

Robert L. Teig, Asst. U.S. Atty., Cedar Rapids, Iowa.

HANSEN, District Judge.

The court has been presented with a report from the federal Grand Jury sitting in the Northern District of Iowa. This report is not an indictment and does not allege that any individual violated any federal law. Rather, the report alleges certain improprieties by non-federal public employees and requests and recommends that the report be filed as a public record.

The federal Grand Jury acts as both a protector and an accuser. *See United States v. Briggs,* 514 F.2d 794, 800 (5th Cir.1975). The Grand Jury requesting publication in this case is not a special Grand Jury, *see* 18 U.S.C. §§ 3331–34, and Fed.R. Crim.P. 6 and 18 U.S.C. § 3321 do not grant the Grand Jury any explicit power to publish reports. Thus, although cases found by the court are unclear on the procedure to be used,[1] this court sealed the report pending further disposition. *In re Report and Recommendation of June 5,*

---

1. *See, e.g., Briggs,* 514 F.2d at 797; *Application of United Elec., Radio & Mach. Workers,* 111 F.Supp. 858, 866 n. 24 (S.D.N.Y.1953).

*1972 Grand Jury,* 370 F.Supp. 1219, 1221 (D.D.C.1974). The court now must determine whether this federal Grand Jury has any power to issue such a report and whether to publish the report.[2]

■ "Neither the Constitution, federal statutes, nor the Federal Rules of Criminal Procedure define the functions or powers of the grand jury. Its powers have been delineated by the courts." *Briggs,* 514 F.2d at 800 (footnote and citation omitted).

> Common law grand juries at times issued nonindicting reports. Usually these were directed at undesirable community conditions or the conduct of public affairs, and did not purport to charge a criminal offense and to bring an offender to justice but were for the purpose of arousing public and legislative indignation.
>
> The authorities are divided upon whether a *federal* grand jury has authority to issue a report of *any kind.*

*Id.* at 801 (citation omitted). Factual situations do exist where a federal grand jury may properly issue a report. *See, e.g., id.* (citing cases); *Application of Jordan,* 439 F.Supp. 199, 204–05 (S.D.W.Va.1977) (citing cases); *In re Report and Recommendation of June 5, 1972 Grand Jury,* 370 F.Supp. at 1222; *In re Presentment of Special Grand Jury Impaneled January, 1969,* 315 F.Supp. 662, 675 (D.Md.1970); *In re Petition for Disclosure of Evidence,* 184 F.Supp. 38, 39–40 (E.D.Va.1960); *cf. Application of Johnson,* 484 F.2d 791, 796–97 (7th Cir.1973). *But see* Orfield, *The Federal Grand Jury,* 22 F.R.D. 343, 446 & n. 751 (1958) (citing cases); *cf. Application of United Elec., Radio & Mach. Workers,* 111 F.Supp. 858, 866–67 & n. 26 (S.D.N.Y. 1953) (citing cases). However, merely because the federal grand jury may have the power to make such a disclosure in some cases does not mean that it has such power in light of the facts in this case. *See, e.g., Briggs,* 514 F.2d at 806; *In re Report of Grand Jury Proceedings Filed on June 15, 1972,* 479 F.2d 458, 460–62 (5th Cir. 1973).

■ In a different procedural context, this court recognized the power behind a grand jury report and expressed a desire "to protect the rights and reputations of persons being investigated from unfair injury and prejudice." *Flanders v. Schoville,* 350 F.Supp. 371, 374 (N.D.Iowa 1972) (construing statutory power of Iowa Grand Juries under Iowa Code Chapter 771). The determination whether to publish a Grand Jury Report turns on the facts of each case. *See, e.g., In re Report of Grand Jury Proceedings Filed on June 15, 1972,* 479 F.2d at 460 n. 2. The factors this court must examine to determine whether the Grand Jury has the authority to publish this report include the following:

> whether the report describes general community conditions or whether it refers to identifiable individuals; whether the individuals are mentioned in public or private capacities; the public interest in the contents of the report balanced against the harm to the individuals named; the availability and efficacy of remedies; whether the conduct described is indictable.

*Id.; accord Briggs,* 514 F.2d at 801 ("In jurisdictions that do permit grand jury reports, they usually are limited to public affairs as opposed to public persons, or if permitted to extend to named public officials they usually may comment upon only their conduct of affairs short of crime."). "Reports by a Federal grand jury should also be rigidly restrained in order to avoid ... infringement upon the provinces of the State and local governments." *In re Petition for Disclosure of Evidence,* 184 F.Supp. at 39.

> The Court is the agency which must weigh in each case the various interests involved, including the right of the public to know and the rights of the persons mentioned in the presentment, whether they are charged or not. The Court should regulate the amount of disclosure,

2. The procedure used will attempt to avoid a situation where any individual named in the report must file a motion to expunge *after* the report has been published. The effectiveness of such a motion is doubtful at best. *See, e.g., Application of Johnson,* 484 F.2d 791, 796–97 (7th Cir.1973); *United States v. Connelly,* 129 F.Supp. 786, 787–88 (D.Minn.1955).

to be sure that it is no greater than is required by the public 'interest in knowing' when weighed against the rights of the persons mentioned in the presentment. *In re Presentment of Special Grand Jury Impaneled January, 1969*, 315 F.Supp. at 678. The keystone is balancing the harm to any individuals named in the report against the public interest in disclosure. *See id.; Application of Johnson*, 484 F.2d at 797. After making this balance, if the court finds that "disclosure [is] in the public's best interest," the report should be published. *Application of Johnson*, 484 F.2d at 797.

■ The first category contained in the report refers to two individuals by name, while the second category describes actions taken on behalf of an entity. The factual allegations contained in both categories, by their very nature, refer to general community conditions and acts taken by public officials or officers having a potentially large impact on the community as a whole. The individuals named in the first category are mentioned in their public capacities, and the public does have an interest in the activities listed in both categories. There is significant potential harm to the named individuals upon disclosure and, following disclosure, the named individuals would be without a meaningful remedy. Although not entirely clear from the report, the acts complained of may implicate the criminal code of the State of Iowa. Furthermore, in light of the admissions and allegations in category one indicating conduct violative of the United States Constitution, and the federal income tax deductibility implications mentioned in category two, this is not a case where there is no discernable federal connection to the acts complained of. *See In re Report of Grand Jury Proceedings Filed on June 15, 1972*, 479 F.2d at 461 ("[T]he substance of the report, however, bears little relevance to federal subject matter and is concerned mostly with a purely local affair."). Thus, after examining all of these factors, the court finds that disclosure is in the public's best interest. *Application of Johnson*, 484 F.2d at 797. However, in so deciding, the court also finds that portions of the report should be redacted.

■ The interest of the named individuals in not having their names published in a non-indicting Grand Jury report outweighs the public's interest in knowing the identity of the specific individuals. Therefore, the information contained in category one shall be redacted *so that the individuals cannot be identified by name*. In light of the allegations made in category two, the court finds that no redaction is necessary for this category.