In re **GRAND JURY PROCEEDINGS.**

**Civ. A. No. 92–113–LON.**

United States District Court,
D. Delaware.

March 20, 1992.

See also 806 F.Supp. 1173.

William C. Carpenter, Jr., Kent A. Jordan, U.S. Attorney's Office, Wilmington, Del., for petitioner.

Thomas P. Preston, Duane, Morris & Heckscher, Wilmington, Del., for respondents.

David L. Finger, Richards, Layton & Finger, Wilmington, Del., for movant.

## ORDER

LONGOBARDI, Chief Judge.

1. Before the Court is Gannett, Inc.'s ("Gannett") motion to unseal the record, Docket Item ("D.I.") 8.[1] A hearing on this matter was held on March 12, 1992. Arguments were presented by Mr. David L. Finger, Esquire for movant Gannett, Mr. Kent A. Jordan, Esquire for the Government, and Mr. Thomas P. Preston, Esquire for Duane, Morris & Heckscher ("The Firm"), the firm attempting to represent Mr. Kermit Justice in the underlying grand jury matter.

2. It is evident from the arguments presented pursuant to the March 12th hearing that the questions presented to the Court mirror the issues addressed in the Court's March 4, 1992 hearing and subsequent order on the issue of attorney disqualification. As such that order, D.I. 14, acts as a point of reference for this Order.

3. Gannett seeks release of the entire file in this matter, or alternatively, a redacted version of the file. In addition, Gannett seeks the release of the entire Weiss disqualification opinion or a less re-

---

1. Pursuant to this motion, the Court previously released a redacted transcript of its order disqualifying David Weiss from representing Kermit Justice in the underlying grand jury matter. At that time the court took under advisement the motion to unseal with respect to the remainder of the file.

dacted version than the version which has been released. The Government and the Firm seek to prevent any further release of information in this matter.

4. Gannett argues that the information in the file is not protected by Federal Rule of Criminal Procedure 6(e), and that the Government has the burden of proof to show a substantial probability of injury to a compelling government interest, that no less restrictive means exists to prevent such injury, and that the closure is narrowly tailored to serve the compelling interest pursuant to *Press–Enterprise Co. v. Superior Court of California, Riverside County,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) and *Press–Enterprise Co. v. Superior Court of California, Riverside County,* 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986). Alternatively, Gannett contends that the information contained in the file is not protected by Rule 6(e) because it contains information which is public knowledge, and/or because the Government waived Rule 6(e) protection here by presenting the information to the Court or by virtue of the statements allegedly made by U.S. Attorney William Carpenter to the Governor of Delaware.[2]

5. The Government argues that the information here does fall within the purview of Rule 6(e) and therefore Gannett has the burden of showing that the need for the material outweighs the public interest in secrecy pursuant to *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). The Government argues further that no information beyond that included in D.I. 14 should be released because that order indicates the basis for the court's disqualification decision and only that information is of such significant public interest that it outweighs the Government interest in this matter. The Government also argues that it has not waived grand jury secrecy protection under Rule 6(e). The Firm argues that because the Court has determined that materials in the file were sufficiently confidential to disqualify an attorney employed by the Firm, that the information necessarily falls within the purview of Rule 6(e).

6. Gannett contends generally that grand jury secrecy and Rule 6(e) are not implicated in this matter because the information involved here "was not presented to the grand jury." D.I. 21, at 3. Specifically, Gannett argues that the fact the information involved here is somehow related to a possible grand jury investigation is not sufficient to bring these documents under the protective veil of Rule 6(e). Gannett argues further that the information is not protected because it was obtained from a source independent of the grand jury proceedings, because the documents contained in the record were not created specifically for the grand jury and do not otherwise reveal grand jury matters, and because disclosure does not conflict with the policies underlying Rule 6(e). D.I. 21 at 3–5.

7. In *Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856 (D.C.Cir.1981), the court discussed the scope of Federal Rule of Criminal Procedure 6(e). It indicated that Rule 6(e) "... encompasses not only the direct revelation of grand jury transcripts but also the disclosure of information which would reveal 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like.'" *Id.* at 869 (citation omitted); *see also United States v. Eisenberg,* 773 F.Supp. 662, 707 (D.N.J. 1991).

■ 8. The Court's review of the file here indicates that it does contain information which identifies potential witnesses as well as the strategy and direction of the Government's investigation.[3] The file also includes other information which may have

---

2. Gannett published an article in the News Journal on February 2, 1992 indicating that Mr. Justice resigned after U.S. Attorney William Carpenter notified the Governor of Delaware that Mr. Justice was the target of an investigation.

3. Gannett apparently acknowledges that the names of witnesses and other limited types of information are properly redacted.

been or may become the substance of grand jury testimony.[4] The Court concludes, in light of the information presented therein, that Gannett's reading of Rule 6(e) is overly restrictive.

9. If the Court were to adopt Gannett's narrow construction that would limit protection to only the narrow categories of information or documents that have already been presented to the grand jury, the policy goals underlying Rule 6(e) and grand jury secrecy would be frustrated.

10. The instant circumstance involves an ongoing grand jury proceeding/investigation, not a grand jury proceeding that has concluded.[5] The Eastern District of Pennsylvania has stated, "In the exercise of judicial discretion [regarding access to grand jury material] it makes a difference if the material sought is that of a federal grand jury no longer in existence or that of an ongoing investigation and the target is still the subject of federal grand jury consideration." *In re Grand Jury Proceedings*, 483 F.Supp. 422, 424 (E.D.Pa.1979). The *In re Grand Jury* court noted that the traditional reasons for cloaking grand jury proceedings, which include protection of reputation and privacy, the protection and encouragement of witnesses, and the encouragement of grand jurors to engage in uninhibited investigation and deliberation "have even more force in relation to an existing grand jury." *Id.*

11. The fact that the documents were not produced specifically for the grand jury, were obtained from a source independent of grand jury proceedings, and have not yet been presented to the grand jury does not warrant their disclosure here. The key concern of the Court is with the substance of the filings and whether it includes material which could be presented to the grand jury. Our review indicates that the material is such that grand jury

scrutiny could occur. It is essential to the secrecy of the grand jury process that the press not be allowed access to this information prior to its having been reviewed by the grand jury.

■ 12. The Court does not agree with Gannett's assertion that this is public information because much of it has been reported in the press. Our review of the press coverage associated with this matter reveals that the Government has not acknowledged that an investigation occurred, or that any specific person is a target of an investigation.[6] The "public information" reported by Gannett consists primarily of information received from "unnamed" or "confidential" sources, which it has woven, through its supposition and conjecture, into a fabric it now considers factual and a part of the public domain. The paper now seeks, on the basis of its suppositions, to have the Court release information, and possibly verify its suppositions, on the grounds that those suppositions have rendered this information public knowledge.

■ 13. Additionally, the Court finds no waiver by the government here.[7] Whatever information the Government has presented to the Court has been for the sole purpose of supporting its motion to disqualify counsel from representing Mr. Justice. We cannot draw the conclusion that because the Government came to the Court to seek attorney disqualification that the Government has waived its right to conduct in secrecy an investigation associated with a grand jury proceeding.

■ 14. Nor do we find any intended waiver in the alleged statements of Mr. Carpenter to the Governor of Delaware. Mr. Carpenter has not acknowledged making such disclosures. Further, even if such disclosures were made, their scope and the

---

4. The Court has no information relative to whether these proceedings have commenced.

5. The fact that the investigation is ongoing was acknowledged by Gannett in a February 2, 1992 article published in the News Journal.

6. This conclusion was verified by the Government at the March 12th hearing.

7. The Government asserts that it does not have the ability to make such a waiver because the secrecy privilege is enjoyed by the grand jury, not by the Department of Justice. The Court does not address this argument.

reasons they were made are unclear to the Court. They may have been made for the purpose of protecting vital functions of state government or in the exercise of an official's discretion in carrying out his role in an official investigation. The Court refuses to construe an unacknowledged statement of a United States Attorney to the Governor of Delaware as a waiver of the Government's right to conduct grand jury investigations beyond the scrutiny of the press. This is especially so in light of the restricted record presently before the Court.

15. In a related argument, Gannett presumes that counsel for Mr. Justice had access to the materials filed here, and therefore argues that the interest in secrecy "has been substantially reduced." D.I. 21 at n. 5. Even if the Court were to determine that counsel for Mr. Justice had access to the file and the interest in secrecy was therefore less compelling, a compelling interest still remains because dissemination to a few attorneys for the purpose of resolving the disqualification question is not the same as broad public disclosure.

16. The Court also does not concur with Gannett's contentions that the information here is only coincidentally before or to come before the grand jury. Until the grand jury proceedings have been completed, the Court is unable to determine precisely how these matters were or will be raised. If the Court were to render any conclusion about the existence or nonexistence of an asserted peripheral relationship, the Court would step squarely into a trap resulting in the revelation of matters that must not be revealed. Finally, disclosure here could conflict with the policies underlying Rule 6(e) because prior disclosure of information likely to be presented to a grand jury necessarily will compromise the interests the Rule was designed to protect, *i.e.*, the secrecy of grand jury proceedings.

17. Therefore, the Court concludes that the fact the information in question here was not yet presented to a grand jury does not cause it to fall outside the protective veil created by Rule 6(e). This conclusion is supported by our reading of Rule 6(e)(6), which states, "Records, orders, and subpoenas relating to grand jury proceedings shall be kept under seal to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury." It would clearly be illogical to construe this language as referring only to that period after the conclusion of the grand jury proceedings. The dangers associated with such disclosure, and the rationale underlying Rule 6(e) of protecting the grand jury process and individual reputational and privacy rights, are in many ways more seriously implicated in the period before the grand jury has convened or completed its investigation. It is during that period that the greatest danger exists that targets or witnesses will flee, that illegal activities will be curtailed as a result of disclosures, and that privacy and reputational interests will be affected.

■ 18. Because the Court concludes that Rule 6(e) is implicated here and that a compelling governmental interest in secrecy exists, Gannett must first meet its burden under *Douglas Oil Co.*, 441 U.S. at 222–223, 99 S.Ct. at 1674–75 before the Court would order the release of the requested information. Because Gannett has not shown the requisite need, the Court concludes that Gannett has not carried its burden.

■ 19. As the Court indicated in its order releasing the redacted transcript, however, there is information contained in the file which is not directly related to the grand jury proceedings, and which relates only to the disqualification issues. There is no compelling governmental interest in maintaining secrecy as to all of this information. Therefore the court will redact the entire record to reflect our conclusions as outlined above, and will release this redacted record.

20. Finally, the Court notes that by engaging in discussion here of Gannett's suppositions, which are based on Gannett's interpretation of the unredacted portions of the Court's transcript in the light of its own published accounts and which rely on its 'unidentified' and unofficial sources, the

Court is not acceding to Gannett's conclusions or in any way verifying the accuracy of its suppositions.

NOW, THEREFORE, IT IS ORDERED that:

1. The Motion to Unseal the Record, D.I. 8, is granted in part, denied in part.

2. A redacted version of the record shall be released.